### CHRISTOPHER DYER *versus* CHARLES W. SNOW.

The enrolment, as well as the register of a vessel, is not evidence of property, except so far as it is confirmed by some auxiliary circumstance, showing that it was made by the authority or assent of the person named in it, and who is sought to be charged as owner.

The copy of the enrolment, certified to be such by the collector, is not admissible, as he is not authorized to grant copies generally.

The master cannot bind the owner to pay for repair of his vessel at the port where he resides, by virtue of his office, and without special authority.

EXCEPTIONS from the ruling of APPLETON, J., and on MOTION *for new trial.*

ASSUMPSIT for labor done upon and materials furnished for the schooner *Chance.*

A copy of the enrolment of the vessel was offered, to prove that the defendant was owner, which, against the objection of defendant, was admitted.

The enrolment was issued by W. E. Tolman, deputy collector at Rockland; the copy was certified by his successor T. K. Osgood, as being " a true copy of the original enrolment, on file in the office."

The portions of the testimony reported, which are material, appear in the opinion of the Court.

*Gould,* argued in support of the exceptions.

*Thacher, contra.*

The opinion of the Court was drawn up by

TENNEY, C. J.—This is an action of assumpsit, for the recovery of the value of labor and materials done and furnished by the plaintiff for the schooner Chance. The plaintiff was allowed, against the objection of the defendant, to introduce the copy of enrolment of the vessel, with the following certificate thereon.—" I hereby certify, under my hand and seal, that this is a true copy of the original enrolment on file in this office. "Rockland, Oct. 12, 1858.

" [L. S.] T. K. Osgood, Dy. Coll."

The enrolment is not a species of evidence of a higher nature than that of the registry of vessels. Laws of U. S., 1793, c. 52. The register is not evidence of property, except so far as it is confirmed by some auxiliary circumstance, showing that it was made by the authority or assent of the person named in it, and who is sought to be charged as owner. Without such connecting proof, the register has not been held to be even *prima facie* proof, to charge a person as owner, and, even with such proof, it is not conclusive evidence of ownership. *Weston* v. *Penniman*, 1 Mason, 306 ; 1 Greenl. Ev., § 494.

But, in this case, the objection applied to the competency of the evidence to show the existence of the enrolment.

In the case of *Coolidge* v. *The New York Firemen's Insurance Company*, 14 Johns., 308, a paper was offered, purporting to be a register of the vessel, granted by the custom house, at the port of Boston and Charlestown, accompanied by the certificate under the hands of H. A. S. Dearborn, collector, and James Lowell, naval officer, and the seal of office, certifying that the within was a true copy of the register of the ship, as recorded in that office. SPENCER, J., in delivering the opinion of the Court says, " The collector is not authorized to grant copies generally. There the rule of law applies, which declares, that, when an officer is not entrusted to make out a copy, and has no more authority than any common person, the copy must be proved in the strict regular mode." And the regular mode, by the authority of

the same case, is by the comparison of a copy with the original, by a witness, who can testify to its being a true copy.

In the case at bar, the evidence was less than that introduced in the case referred to, where the certificate was adjudged incompetent. *Bradbury* v. *Johnson,* 41 Maine, 582.

But, upon the assumption that the defendant was the owner of the schooner Chance, at the time the labor was done, and the materials were furnished, the evidence fails to show a liability on his part.

The plaintiff testified, as a witness, that Isaac C. Abbott asked him, if he could do some work for him, on a schooner; to the inquiry, by the plaintiff, what schooner it was, he answered, " the schooner Chance, Charles W. Snow's schooner," and, after being told by Abbott what he wished done, the plaintiff said he would do it.

Abbott testified that he engaged to do the job for the defendant on the schooner Chance, and employed the men, worked himself, and found materials; that he hired the plaintiff for himself, and for no other man.

The defendant testified that he did not employ the plaintiff to do any work on the schooner Chance, and did not authorize Abbott to employ him, or other men, on the defendant's account.

It appears, from the testimony of the plaintiff, that, at the request of Abbott, in the conversation referred to, the latter proposed that they should go and see Captain Keating, the master of the schooner, and they saw him, and Keating told the plaintiff how big he wanted the *trunk,* (which was the work proposed to be done,) and the plaintiff got the length of the sills.

The defendant further testified that he did not authorize Keating to employ any carpenters, but told him he had employed Abbott to do the carpenter's job, in putting on the trunk and making the necessary repairs, and he might show Abbott how he wanted it done; and that he did not authorize Keating to make any repairs.

The testimony of the plaintiff himself has a strong ten-

dency to show that the contract, under which he did the work and furnished the materials, was with Abbott. This is fully confirmed by Abbott. The plaintiff does not pretend that he was employed in any manner by the defendant, who expressly denies that he did ever employ him or authorize any other to do so; but that he agreed with Abbott to do the carpenter's job, which embraced that claimed by the plaintiff to have been done by him.

The report contained nothing tending to show that Keating employed the plaintiff to do the job in question. But, if there had been express evidence that Keating, as master of the schooner, employed him, it is difficult to perceive how the defendant is to be holden. It is understood that the vessel was at Rockland, the home port. The plaintiff and the defendant, as appears by the writ, resided at that place. The master of a vessel, without any other authority than that derived from his official capacity, was not entitled to order repairs to be made in a home port. *Jordan* v. *Young*, 37 Maine, 276.     *Exceptions and motion sustained ; —*

*Verdict set aside, and new trial granted.*

RICE, APPLETON, CUTTING, and MAY, JJ., concurred.