THE TOWNSHIP OF WAYNE, IN THE COUNTY OF PASSAIC, v. THE LAFLIN & RAND POWDER COMPANY.

Submitted December 5, 1907—Decided February 24, 1908.

1. The action of a county board of taxation in ordering a township assessor to increase by forty-six per cent. the valuation of all taxable property in his taxing district, will not be presumed illegal.
2. Such increase having resulted in a lowering of the tax rate, but the collector having failed to change his duplicate and bills having been issued and paid based on the original valuation and higher rate, a taxpayer whose property was revalued specially by the county board after complaint of undervaluation is liable for taxes at the lower rate resulting from the general increase, and not at the rate mentioned in the tax bills sent out by the collector.

On *certiorari.*

Before Justices GARRISON, REED and PARKER.

For the prosecutor, *Eugene Emley.*

For the respondent, *William I. Lewis.*

The opinion of the court was delivered by

PARKER, J. The writ in this case brings up for review a judgment of the state board of equalization of taxes. It appears from the record that in 1906, the township assessor of Wayne township, Passaic county, made his usual assessment for taxes of all property within the township and returned the same to the county board of taxation, as provided by the act creating said board. *Pamph. L.* 1906, *p.* 210. The county board, as appears by their minutes, examined the tax lists and duplicates of the various assessors and directed that the assessor of Wayne township increase his valuation, as returned by him for 1906, forty-six per cent., thereby making the township tax rate eighty-nine cents, instead of $1.20 per

$100, which would have been the rate if the assessor's valuations had been left unchanged.

The assessor failed to obey this direction of the county board, but left his original valuations unchanged and sent out bills based upon those original valuations and upon the higher rate of $1.20, and the respondent, the Laflin & Rand Powder Company, received its tax bill, in regular course, based upon a valuation of $130,000 and the rate of $1.20, and paid the bill, $1,560.

Subsequent to this, another taxpayer made complaint before the county board that respondent's assessment of $130,-000 was too low, and thereupon the county board ordered that the sum of $40,000 be added to their personal valuation and $130,000 be added to the valuation of their real estate, making a total assessment of $300,000, and that the collector of said township be notified to correct his duplicate accordingly. The collector accordingly did so, and presented a bill to the respondent for the further sum of $2,040, based on the increase of $170,000, at $1.20 a hundred. The respondent company appealed to the state board of equalization of taxes, and that body, after considering the above facts, adjudged that the respondent should pay tax on the corrected real estate valuation of $230,000, and the corrected personal valuation of $70,000 at the rate of eighty-nine cents, which would make a total tax of $2,670. It is this determination of the state board which is now before us for review, and it is alleged that the state board exceeded its power in fixing eighty-nine cents as the rate, because the same is alleged to have been lower than the general township rate, and also that said rate of eighty-nine cents was mathematically impossible, and that the county board had no power to make a horizontal increase of forty-six per cent. in township valuations, under an authority to "fix and determine the relative values" of property in the various taxing districts.

We think the action of the state board was in all respects correct, except as to a minor matter not brought under review, viz., that the judgment appears to call for a tax of $2,600 with interest, instead of $2,670, as would result from the

computation. This, however, is a mere clerical error, and need not be considered here. So far as relates to the forty-six per cent. increase of valuations, there is nothing before us to show that the county board failed in the performance of any duty laid on it by law, and the presumption established by its action must be that, after the examination required to be made, it was satisfied of a general undervaluation of property in the township, and of the extent thereof, and that such a general increase of valuation was necessary to reach the true value of the property. Under such circumstances it would be immaterial whether the true value was attained by directing a general proportionate increase, as was directed by the board, or by ascertaining and fixing a new valuation on each particular piece of property, the only difference being that in the first case the assessor was required to make a computation that anybody could have made.

We also think that the county board had the right to assume, and presumptively did assume, that the assessor had obeyed their mandate and raised his valuations as directed, so as to reduce the tax rate to eighty-nine cents. When the resident taxpayer made his complaint, the only duty of the county board was to investigate the valuation of respondent's property, and if found too low, to fix it at true value, and that duty it undertook to perform with the result already stated.

This ascertainment by the county board must be regarded as conclusive before us here, as it is not brought up for review, and having already found that the action of the board in raising the general valuations so as to reduce the tax rate to eighty-nine cents was legal and proper, it follows that the state board was entirely correct in adjudging the proper tax due from the respondent to be the amount resulting from such rate upon a valuation of $300,000.

The judgment of the state board will be affirmed.