WILLIAM C. MAY, WHO SURVIVED WILLIAM C. MAY AND
GEORGE MAY, TRADING AS JONATHAN MAY & SONS,
AND WILLIAM C. MAY, EXECUTOR OF GEORGE MAY,
DECEASED, PLAINTIFF IN ERROR, v. W. L. HURLEY,
CHARLES BOSCH, J. W. DONGES, GEORGE LEATH-
WHITE, H. O. KEESE, JOSEPH VENNELL, ISAAC FER-
RIS, JR., FRANK J. BURR, EUGENE BURTON, AND THE
ESTATE OF J. C. FERRIS, DECEASED, DEFENDANTS IN
ERROR.

ZEPHENIAH S. STEELMAN, PLAINTIFF IN ERROR, v. W. L.
HURLEY, CHARLES BOSCH, J. W. DONGES, GEORGE
LEATHWHITE, H. O. KEESE, JOSEPH VENNELL, ISAAC
FERRIS, JR., FRANK J. BURR, EUGENE BURTON, AND
THE ESTATE OF J. C. FERRIS, DECEASED, DEFEND-
ANTS IN ERROR.

GEORGE TAULANE, JR., EDWARD G. TAULANE AND LEWIS
B. TAULANE, TRADING AS GEORGE TAULANE'S SONS,
PLAINTIFFS IN ERROR, v. W. L. HURLEY, CHARLES
BOSCH, J. W. DONGES, GEORGE LEATHWHITE, H. O.
KEESE, JOSEPH VENNELL, ISAAC FERRIS, JR., FRANK
J. BURR, EUGENE BURTON, AND THE ESTATE OF J. C.
FERRIS, DECEASED, DEFENDANTS IN ERROR.

Argued November 24, 1908—Decided March 1, 1909.

The authority of a master of a vessel to bind the owners *in personam*
falls within the law of principal and agent excepting when such
authority arises *ex necessitate*, and there is no authority *ex neces-
sitate* in the master of the vessel to pledge the owner's credit
where the owner or his managing agent is either at the port of
the ship's anchorage, or so near it as to be reasonably expected to
intervene personally.

On contract.    On error to the Camden County Circuit
Court.

For the plaintiffs in error, *William T. Read.*

For the defendants in error, *Ralph W. E. Donges.*

The opinion of the court was delivered by

DILL, J.   In this case a single writ of error was sued out for the purpose of reviewing three separate judgments that resulted from as many different actions that were tried together by consent.   There should, of course, have been three separate writs of error, but this being suggested upon the argument, it was agreed to treat the record as amended to make three writs of error and separate returns.

The one question of importance presented by this review is whether the master of a vessel, in the absence of special authority, may pledge the owner's credit for supplies and repairs, when the owner is at the port of the ship's anchorage or so near to it as to be reasonably expected to intervene personally.

The plaintiffs sued, *in personam,* the owners of the bark "Primus" for supplies furnished and services rendered upon the order of the master while the vessel lay in anchor at the port of Philadelphia, opposite the city of Camden, where the owners resided, as the plaintiffs knew.

The theory' of the plaintiffs was that the supplies and services were necessary for the vessel; that they were furnished upon the order of the master, and that, as a matter of law, the master was the agent of the owners of the vessel and authorized *ex necessitate* to bind them for necessaries in the way of supplies and repairs irrespective of the port where the vessel was located.

The defendants urged the rule that there is no authority *ex necessitate* in the master of the vessel to pledge the owner's credit where the owner or his managing agent is either at the port of the ship's anchorage or so near it as to be reasonably expected to intervene personally.

The court left every disputed issue of fact to the jury, including the question whether the supplies thus furnished were necessaries and whether the managing owner, who lived just across the river from the port where the vessel was anchored, was so near as to be reasonably expected to intervene personally.

The jury found for the defendants.

The issue is presented by an exception to the refusal of the trial judge to direct a verdict in favor of the plaintiff and by an exception to the charge; in both rulings and throughout the trial the court followed the rule in *Arthur* v. *Barton,* 6 *Mees. & W.* 142:

"Under the general authority which the master of a ship has, he may make contracts and do all things necessary for the due and proper prosecution of the voyage in which the ship is engaged. But this authority does not usually extend to cases where the owner can himself personally interfere, as in the home port, or in a port in which he has beforehand appointed an agent, who can personally interfere to do the thing required. Therefore, if the owner, or his general agent, be at the port, or so near to it as to be reasonably expected to interfere personally, the master cannot, unless specially authorized, or unless there be some usual custom of trade warranting it, pledge the owner's credit at all, but must leave it to him, or to his agent, to do what is necessary."

In this we concur, following *Johns* v. *Simons,* 2 *Q. B.* 425; *Stonehouse* v. *Gent, Id.* 431; *Beldon* v. *Campbell,* 6 *Exch.* 886; *The Jeanie Landles,* 17 *Fed. Rep.* 91; *New England Insurance Co.* v. *Brig Sarah Ann,* 13 *Pet.* 387; *Gager* v. *Babcock,* 48 *N. Y.* 154; *Dyer* v. *Snow,* 47 *Me.* 254; *Pentz* v. *Clarke,* 41 *Md.* 327; *Stearns* v. *Doe,* 12 *Gray* 482.

We decline to follow *Winsor* v. *Maddock,* 64 *Pa. St.* 231; *Carr* v. *Burke,* 32 *Mo.* 233.

The ordinary rules of law as to principal and agent apply, excepting in so far as the peculiar exigency involved alters it. The exigency arises from the voyage or necessity when the master is out of touch with the principal. It is necessity not necessaries that is the basis of the rule which gives the master authority.

In this case, there being a known opportunity of communicating with the owners that accorded with the rule we have laid down, the master could not be considered as having authority to pledge the owners' credit.

Tuckerton R. R. Co. v. State Board of Assessors.  77 *N. J. L.*

Holding, as we do, that the trial court did not err either in its refusal to direct a verdict or in its charge, the other alleged errors fall likewise.

The judgment in each case is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL, J.J. 14.

*For reversal*—None.