ROYAL MANUFACTURING COMPANY, PLAINTIFF IN ER-
ROR v. BOARD OF EQUALIZATION OF TAXES OF NEW
JERSEY, DEFENDANT IN ERROR.

Argued July 6, 1909—Decided November 15, 1909.

1. The fact that other property in a taxing district is assessed for taxation at less than its true value affords no ground for reducing the assessment placed upon the property of a complaining tax-payer below the true value thereof.

2. A finding of the Supreme Court that the assessment placed upon property for taxation is not in excess of the true value thereof is not reviewable, upon writ of error, unless the finding is without evidence to support it.

---

On error to the Supreme Court, whose opinion is reported in 47 *Vroom* 402.

For the plaintiff in error, *Tennant & Haight.*

For the defendant in error, *Francis V. Dobbins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is a *certiorari* case brought to review an alleged excessive valuation of property for taxation, made in the year 1906, upon a manufacturing plant belonging to the Royal Manufacturing Company, and located in the city of Rahway.    After the original valuation by the local assessor the property was revalued by the county board of taxation.    That board raised the valuation of the buildings which constitute the plant from $12,000 to $46,800, leaving the valuation of the land (which was separately valued by the local assessor) undisturbed.    The plaintiff in error then appealed from the county board's valuation to the state board of equalization of taxes, and that board, after hearing testimony, affirmed the value fixed upon the property by the county board.    The *certiorari* was then sued out by the plaintiff in error for the purpose of reviewing the action of the state board.    Before the Supreme Court it made two claims— *first,* that the value placed upon its property was relatively higher than that placed upon other property in Rahway, and *second,* that the value placed upon its property was in excess of its true value, and contended that for each of these reasons it was entitled to a material reduction in its assessment.    The Supreme Court affirmed the action of the state board.

We think it manifest that the Supreme Court rightly held that the first claim made by the prosecutor was without merit. The action of the taxing authorities in assessing other property in the same taxing district at less than its true value afforded no reason for reducing the assessment upon the prosecutor's property to less than its true value, for the constitution requires that property shall be assessed for taxation according to its true value, and a reduction below true value would be a violation of that constitutional provision.    As to the second ground of complaint before the Supreme Court that court, after considering the testimony submitted, reached the conclusion that the property of the prosecutor was not assessed at more than its true value.    This is a finding of fact which is not reviewable here, unless there is no evidence whatever to sustain it.    *Tuckerton Railroad Co.* v. *State Board of*

*Assessors,* 48 *Vroom* 614, and cases cited. That there was considerable evidence for this purpose is disclosed by an examination of the depositions returned with the writ.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, JJ. 11.

*For reversal*—None.