CENTRE BRIDGE COMPANY, PROSECUTOR, v. THE COL-
LECTOR OF THE BOROUGH OF STOCKTON AND THE
BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY.

Submitted March 18, 1910—Decided June 13, 1910.

In reviewing by *certiorari* a judgment of the board of equalization of taxes of New Jersey, the Supreme Court will not presume the judgment to be erroneous. To justify a reduction of the valuation of the prosecutor's real property for the purposes of taxation, which has been affirmed by the state board, the court must be satisfied that the valuation is in excess of full and fair value.

On *certiorari*.

Before Justices Trenchard and Minturn.

For the prosecutor, *H. Burdett Herr*.

For the defendants, *George H. Large*.

The opinion of the court was delivered by

Trenchard, J.   The prosecutor is a corporation owning a bridge over the Delaware river.

In the year 1908 the assessor of the borough of Stockton assessed for the purposes of taxation that portion of the bridge and its abutment, piers, toll house and land whereon they stand in this state and within the borough at a total valuation of $14,000.

Conceiving this valuation to be excessive, the prosecutor appealed to the county board of taxation where the assessment was affirmed. Another appeal was then taken to the board of equalization of taxes of New Jersey, where the assessment was again affirmed.

This writ of *certiorari* brings up for review this judgment of the state board.

The sole contention before that board was, and in this court is, that the valuation is excessive.

This court will not presume that the judgment of the state board is erroneous. *Wayne* v. *Laflin & Rand Powder Co.,* 47 *Vroom* 175. To justify us in reducing the valuation we must be satisfied that it is excessive. This, under the practice, the prosecutor might have shown, if it were the fact, by calling on the state board to certify the facts submitted to it and the grounds of its determination, and then, under the act of 1907 (*Pamph. L., p.* 95), by additional evidence, if necessary. *Royal Manufacturing Co.* v. *Rahway,* 46 *Id.* 416. That practice the prosecutor seems not to have pursued strictly. The state board has not certified to us the facts submitted to it nor the grounds of its determination. Its judgment shows that it was rendered after hearing evidence upon the part of both the prosecutor and the defendants.

When we turn to the evidence taken under the authority of the act of 1907, we find nothing to indicate that the valuation is too great. The prosecutor's real property was required by law to be valued for the purpose of taxation at its "full and fair value." *Pamph. L.* 1903, *p.* 398, § 6; *State, Easton Delaware Bridge Co.,* v. *Metz,* 2 *Vroom* 378. No testimony is returned to us as to the value of the property assessed. Without here reviewing the evidence, it is sufficient to say that none of it furnishes a criterion for the valuation of the prop-

erty of the prosecutor within the rules laid down in *State, Easton Delaware Bridge Co.,* v. *Metz, supra.*

The result is that the judgment under review will be affirmed, with costs.