THE TOWN OF KEARNY ET AL., PROSECUTORS, v. THE BOARD OF EQUALIZATION OF TAXES OF THE STATE OF NEW JERSEY ET AL., DEFENDANTS.

Submitted December 1, 1910—Decided February 27, 1911.

1. A judgment of the state board of equalization will not be disturbed on *certiorari* on questions of fact unless the evidence is persuasive that that board erred in its determination.
2. When an appeal to the state board of equalization brings up tax valuations on separate parcels of land owned by the same parties, and such board sustains the appeal and fixes new valuations, it should by its judgment assign a separate value to each parcel separately valued by the local assessors.

On *certiorari* in matter of taxation.

Before Justices REED, PARKER and BERGEN.

For the prosecutors, *Edward Kenny.*

For the defendants, *Edwards & Smith.*

The opinion of the court was delivered by

PARKER, J. The town of Kearny by this writ questions the propriety of a judgment of the board of equalization of taxes

of this state, reducing the valuation for 1909 of real estate and personal property of defendants the Newark Meadows Improvement Company. The real estate consists of over three thousand three hundred acres of meadow land (a few acres of which have been improved by filling in) lying between the Passaic and Hackensack rivers; and the personal property, consisting of steam dredges and dumping scows, pontoons, pipe, &c., that had been used in the work of dredging from the Passaic and filling in the dredged material on the company's property. The state board reduced the valuation of the personal property from $300,000 to $52,000, and of real estate from $1,749,533 to $865,187, which was approximately the total valuation fixed by the local assessors for the preceding year, 1908. On the hearing before the state board considerable testimony was taken and documentary evidence submitted, the latter mainly consisting of mortgages on the real property offered as *indicia* of its value, all of which is returned with the writ and has been examined by us. Our conclusion on the facts is that the general valuation as fixed by the state board is not shown to be unwarranted by the evidence, and therefore should not be disturbed. The valuation having been adjudged by a statutory tribunal erected for the particular purpose and experienced in such matters, this court will be loth to interfere with its findings on matters of fact, as in the present case, unless the evidence is persuasive that injustice has been done. *Turnley* v. *Elizabeth,* 47 *Vroom* 42; *Clark* v. *Board of Equalization,* 50 *Id.* 454.

But a difficulty is encountered in the form of the judgment which prevents its affirmance *in toto.* The land was divided into blocks, corresponding to the county blocks provided for in section 76 of the Conveyances act of 1898 (*Pamph. L., pp.* 670, 701), and these blocks subdivided into lots upon which separate valuations were placed by the local assessor and all of which were included in the appeal. The board of equalization seems to have disregarded these subdivisions and to have reduced simply the total valuation; a course which in effect turns the entire acreage into one tract of some three thousand three hundred acres assessed anew *en bloc,* making it imprac-

ticable either for the town to enforce collection of or the owner to pay the tax properly assignable to any subdivision.

The point is of importance, because on examination of the items, as originally assessed, there is considerable variation in values of lots in the same block, not to speak of different blocks. The board did not even direct a proportionate reduction similar to the proportionate increase ordered by a county board in *Wayne Township* v. *Powder Company,* 47 *Vroom* 175. We think this gross reduction was incorrect practice, and that the board should have assigned a separate value to each subdivision included in the appeal. The local assessor is required by law to describe the property by block and lot numbers as shown on the assessment maps, where such maps are adopted, and to value each parcel separately. *Pamph. L.* 1903, *pp.* 394, 399, §§ 6, 9. Naturally the reviewing board should render its judgment on the same plan, or endless confusion would result.

For this reason the judgment of the board of equalization must be reversed, but without costs, to the end that said board render a new judgment according to the practice herein indicated.