## HACKENSACK WATER COMPANY, PROSECUTOR, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE BOROUGH OF WOODCLIFFE LAKE, RESPONDENTS.

Submitted May 13, 1927—Decided November 11, 1927.

For the prosecutor, *Wright, Vander Burgh & McCarthy.*

For the respondents, *De Turck & West.*

Before Justices TRENCHARD, KALISCH and KATZENBACH.

The opinion of the court was delivered by

KATZENBACH, J.   This case is before us on a rule to show cause why a writ of *certiorari* should not be issued, directed to the state board of taxes and assessment, to certify and send to this court the judgment and proceedings touching and concerning the valuation for the assessment of taxes for the year 1926 of the property of the Hackensack Water Company, in the borough of Woodcliffe Lake, in the county of Bergen. It appears from the record that the prosecutor, the Hackensack Water Company, owns a tract ·of two hundred and eighteen acres in the borough of Woodcliffe Lake, which forms a part of a reservoir recently constructed by the company to impound water for distribution.   This tract was valued by the local assessor at $140,500.   The prosecutor then appealed to the Bergen county board of taxation for a

reduction of the assessment. The assessment was affirmed. An appeal was then taken to the state board of taxes and assessment, which affirmed the assessment.

The prosecutor, in its petition of appeal to the state board, claimed that the land should be assessed for $21,800 instead of $140,500. The petition of appeal to the state board further alleged that the assessments on other land and improvements in the borough of Woodcliffe Lake are on a basis of less than thirty per cent. of the true market value thereof; that there is an undue discrimination against the petitioner's property; that this discrimination is illegal, confiscatory and void, and that the prosecutor is denied the equal protection of the laws in violation of the first section of the fourteenth amendment of the constitution of the United States. No testimony under the rule has been taken. It is stipulated that the testimony taken before the state board shall be used in this proceeding.

The desire of the prosecutor to obtain a writ of *certiorari* is to ultimately secure a decision from the Court of Errors and Appeals which may be taken to the Supreme Court of the United States. The prosecutor urges that the case of *Sioux City Bridge Co.* v. *Dakota County (Neb.),* 260 *U. S.* 441, is authority for the position which it takes, namely, that it is entitled to show discrimination and to obtain a lowering of its assessment to the percentage that other assessments in Woodcliffe Lake borough bear to the market value of the property assessed.

In the Sioux City case the Supreme Court of the United States held that the Bridge company was entitled to equality of taxation, and that if other property was assessed at only fifty-five per cent. of its true market value, that the assessment upon the property of the Bridge company would be decreased to the same percentage of market or true value at which other property was assessed.

The difficulty with the contention of the prosecutor in the present case is two-fold. In the first place the constitution of this state requires that property shall be assessed for taxation according to its true value. In the case of *Royal Manu-*

*facturing Co.* v. *Board of Equalization of Taxes,* 78 *N. J. L.* 337, the Court of Errors and Appeals decided that the fact that other property in a taxing district is assessed for taxation at less than its true value affords no ground for reducing the assessment upon the ground of a complaining taxpayer below the true value thereof.

The position of the prosecutor, apparently, is that notwithstanding the provision of the New Jersey constitution referred to and its interpretation in decisions of our courts, that it is entitled to have the constitution and decisions of this state superseded by the federal constitution and the decisions of the federal courts. It is unnecessary to consider at length this proposition because it is clear that no person is denied the equal protection of the laws if a remedy is provided by state legislation for the correction of the grievance complained of. Under section 701 of chapter 236 of the laws of 1918 any taxpayer aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of any other property in the taxing district, may on or before June 15th file with the county board of taxation a petition of appeal setting forth the cause of complaint, the nature and location of such assessed property, and the relief sought. The purpose of this act was to prevent just such discrimination as the prosecutor complains of. There is nothing in the record which shows that the prosecutor took such action before the county board of taxation. It has refused to avail itself of the remedy afforded it by our legislation to correct the evil of which it complains. One cannot claim a deprivation of constitutional rights by ignoring the remedy provided.

The prosecutor insists that a debatable question is presented. We think not. The rule to show cause is discharged, with costs.