## HACKENSACK WATER CO. v. BOROUGH OF ORADELL, BERGEN COUNTY, N. J., et al.

District Court, D. New Jersey.
Nov. 17, 1936.

Jr., of Hackensack, N. J., and Josiah Stryker, of Newark, N. J., of counsel), for plaintiff.

George W. Babcock, of Hackensack, N. J., for defendants Borough of Oradell, Kenneth H. Zabriskie, and Albert E. Martin.

Walscheid & Rosenkranz, of Jersey City, N. J. (J. Emil Walscheid, of Jersey City, N. J., of counsel), for defendants David R. Smith and Fred Moeller.

Walter G. Winne, of Hackensack, N. J., for defendants Frank J. Quinn, William F. O'Connell, and Joseph Kinzley, Jr., Bergen County Board of Taxation.

FAKE, District Judge.

This is an action in equity seeking relief for alleged discrimination in the valuation of plaintiff's property for purposes of taxation, in violation of plaintiff's right to equal protection of the law under the Fourteenth Amendment. The issues arise on motions to strike the complaint.

The complaint alleges, among other things, that the plaintiff is the owner of certain property situate in the borough of Oradell, which has been valued for taxation by the assessing authorities at 100 per cent. of its true value while all or substantially all other taxable property in the borough has been systematically and intentionally valued at 50 per cent. of its true value, whereby an excessive share of the burden of taxation falls upon the plaintiff.

The defendants contend that the complaint should be dismissed because plaintiff has an adequate remedy at law to be found in the administrative remedies afforded by the State Tax Act and appeals from administrative decisions to the state courts. This leads directly to an examination of the law of the state for the purpose of ascertaining whether or not the state law does afford an adequate remedy for the injustice complained of. If it does, this complaint must fall. First National Bank of Greeley v. Board of County Commissioners, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; Gorham Manufacturing Co. v. State Tax Commission, 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279.

The General Tax Act, P.L.1918, § 502, p. 863, as amended by P.L.1933, c. 266, p. 712 (N.J.St.Annual 1933, § 208—66d (502), provides that the assessor shall advertise in a newspaper circulating in the taxing district before filing the complete

Morrison, Lloyd & Morrison, of Hackensack, N. J. (William J. Morrison,

assessment list "when and where the assessment list may be inspected by any taxpayer for the purpose of enabling such taxpayer to ascertain what assessments have been made against him or his property and to confer informally with the assessor as to the correctness before the filing of the assessment list in duplicate." Would the assessor, when thus informally conferred with, have it within his power under the law of the state to reduce plaintiff's valuations from 100 per cent. to 50 per cent. of true values? For present purposes the Tax Act must be construed in the light of the State Constitution as interpreted by the courts of the state, and in this connection, the State Constitution provides that property shall be assessed for taxes "according to its true value." Article 4, § 7, par. 12, N.J. Constitution, and the state courts hold that to reduce the assessments on true valued property to the level of favored underassessed property would violate the State Constitution. Royal Manufacturing Co. v. Board of Equalization, 78 N.J.Law, 337, 74 A. 525. It follows that nothing in the foregoing statute vests any power in the assessor to reduce plaintiff's valuations to any figure below true value.

That plaintiff, under the conditions here alleged, has a right to have its valuations reduced to meet the average level of those specially favored, there can be no doubt. In dealing with this subject in Central Railroad Co. of New Jersey v. Martin, Tax Commissioner (C.C.A.) 65 F. (2d) 613, 615, Judge Buffington said: "We, therefore, have the impasse of the Supreme Court of the United States holding that reduction to the 65 per cent. level is a federal constitutional right, and the courts of New Jersey saying we cannot do this because to do so would violate the Constitution of New Jersey. In other words, we come to the situation stated in Hackensack Water Co. v. State Board of Taxes, 104 N. J.Law, 48, 139 A. 410, 411, as follows: 'The position of the prosecutor apparently is that notwithstanding the provision of the New Jersey Constitution referred to and its interpretation in decisions of our courts, that it is entitled to have the Constitution and decisions of this state superseded by the Federal Constitution and the decisions of the federal courts.' To our mind that is exactly where the question comes to. The issue is clearly defined. The federal decisions stand on the basis of an even, uniform assessment of all property, so as to produce equality of taxation, while the decisions of New Jersey prevent the enforcement of these federal constitutional rights because the Constitution of that state provides that all property shall be assessed at its full value. Which view shall prevail? It is clear that there can be but one answer to this question, namely, the paramount rights of the federal Constitution."

Again, it is urged that the plaintiff might have appealed to the county board of taxation. In this connection, attention is directed to the powers of the county board found in section 507 of the Tax Act, P.L.1918, p. 866 (Comp.St.Supp.N.J.1924, § 208—66d (507): "to increase or decrease the assessed value of any property not truly valued, to add to said lists and duplicates any property which has been omitted or overlooked, at its true value, and in general to do and perform all acts and things necessary for the taxation of all property in said county equally and at its true value."

Surely nothing is found in the foregoing section of the Tax Act which even faintly indicates a power in the county board to reduce plaintiff's assessed values to anything less than 100 per cent. of true value.

It is further urged that plaintiff might have proceeded under P.L.1906, p. 126, as amended by P.L.1921, c. 350, p. 952 (Comp.St.Supp.N.J.1924, § 208—37f). The pertinent part of that act reads as follows: "Whenever the said board [State Board of Taxes and Assessments] has reason to believe, from information or otherwise, that the assessment of property in any taxing district is not in substantial compliance with the law and that the interests of the public will be promoted by a reassessment of such property, the said board shall have power, after due investigation, in its discretion, to order or make a reassessment of any property undervalued or a reassessment of all the property in such taxing district." The act then requires publication in the taxing district of notice that the board is investigating pursuant to the statute, to the end that taxpayers and municipal officers may be heard upon the value of the taxable property involved. The functions of the State Board of Taxes and Assessments have been divided since the foregoing enactment, see P.L.1931, p. 167 c. 100 (N.J.St.Annual 1931, § 208—66d (705) et seq., and page 823, c. 336 (N.J.St.

**42**

Annual 1931, § 208—37a (20) et seq. However, nothing is found in these laws which would lead to the conclusion that an individual taxpayer might institute, as a matter of right, any proceeding which would lead to a reduction of ·his assessment where such taxpayer's property is assessed at true value. The only remedy open to him is to appeal from the assessments of those whose properties are valued for taxation at less than true value. In this case it would place the burden upon the plaintiff of taking upwards of 1,900 appeals. Such a burden does not furnish such a full, complete and adequate remedy as equity contemplates is a suitor's right.

■ Moreover, the power to reassess provided for in this statute is a public not a private remedy. See Green v. Louisville Railroad Co., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280, Ann.Cas.1917E, 88.

The motions to strike the bill must be denied.