18 N.J. Super. 128 (1952)
86 A.2d 835
DAVID O. EVANS, PLAINTIFF,
v.
P. CARROLL WINGERT, MILTON B. CONFORD, ROBERT C. KIRKPATRICK AND ANNA B. GOLDHOR, DEPARTMENT OF THE TREASURY OF NEW JERSEY, DIVISION OF TAX APPEALS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 30, 1952.
*129 Mr. David Armstrong, attorney for the plaintiff.
Mr. Milton B. Conford, attorney for the defendants.
Miss Adele M. Braelow, attorney for the Township of Hillside.
CLEARY, J.S.C.
This is an action in lieu of prerogative writ seeking to restrain the prosecution of an appeal before the Division of Tax Appeals in the Department of the Treasury from a decision of the Union County Board of Taxation, dismissing applications by certain individual taxpayers of the Township of Hillside, who are the defendants in this case, seeking to have certain property of the plaintiff assessed as property omitted from assessment for the year 1949, or, in the alternative, the year 1950. The decision by the county board of taxation was rendered on the merits after a hearing. From that decision an appeal was taken and is now pending before the State Division of Tax Appeals. The basis for the complaint in the present action is the claim that the county board had no jurisdiction to entertain the application which was filed with it, and that, therefore, the Division of Tax Appeals is likewise without jurisdiction.
The principal complaint of the defendants before the county board of taxation was that a certain building erected *130 by the plaintiff in Hillside had reached a sufficient degree of completion prior to October 1, 1949, as to warrant its inclusion in the added assessment list of Hillside for the tax year of 1949. The building was not included in that list, nor in the added assessment list for any other year. The Hillside assessors took the position that the building had never reached such a state of completion as would require its inclusion in any added assessment list, and that they had complied with the law by assessing it as complete in the regular assessment list for the tax year 1950.
Plaintiff has brought the present action on the theory that there is no statute which authorizes a county board of taxation to receive or to act upon the complaint of taxpayers concerning an alleged improper omission by local assessors of property of another taxpayer from an added assessment list. I find this argument without substance in view of the provisions of R.S. 54:4-63.12 et seq., which provide that any taxpayer of a taxing district may file with a county board a written complaint that property specified has been omitted in the assessment. In my opinion this is intended to cover an omission in any assessment including an omission from an added assessment list.
I have no concern whatsoever with the merits of the controversy as to the propriety of the claim for adding the property in question to the assessment lists. That was a matter of proof to be determined by the county board. The determination of these facts by the county board is not before this court at this time. The only question presented here is that of the jurisdiction of the county board and state board to act in the matter. As to this, I have no doubt that the county board of taxation possessed the jurisdiction which it exercised, and that the Division of Tax Appeals has appellate jurisdiction in the matter.
I will, therefore, enter an order, dismissing the complaint herein and vacating the restraints which have been entered.