GEORGE ECKARDT AND/OR FRANKLIN TOWNSHIP TAXPAY-
ERS ASSOCIATION, INC., PLAINTIFFS, v. SISLER ENTER-
PRISES, TOWNSHIP OF FRANKLIN, DEFENDANTS.

Tax Court of New Jersey

February 5, 1980.

*Edward G. Rosenblum*, for plaintiffs (*Rosenblum & Rosenblum*, attorneys).

*Richard A. Norris*, for defendant Sisler Enterprises (*Norris, McLaughlin & Marcus*, P. C., attorneys).

CRABTREE, J. T. C.

Plaintiffs move for an order applying the Freeze Act, *N.J.S.A.* 54:2–43, to the judgment of the Division of Tax Appeals (Divi-

sion) entered with respect to the 1972 assessment of defendant's property. (Since Franklin Township, one of the named defendants, did not appear or participate in this post-judgment proceeding, all references hereinafter made to defendant shall mean the taxpayer.) Defendant opposes the motion on the ground of a change in value following the adjudicated tax year. Argument on the issue thus joined was heard on October 4, 1979. As will appear from the following exposition, change in value (one of the exceptions to the Freeze Act) has no bearing on the disposition of plaintiffs' motion.

The procedural history necessary for an understanding of the issue raised by the motion can be briefly stated.

Plaintiffs initiated a proceeding in the Somerset County Board of Taxation (county board) to increase the 1972 assessment on defendant's property located at 900 Hamilton Street, Franklin Township, New Jersey. The county board affirmed the assessment, whereupon plaintiffs filed a petition with the Division, which, in an opinion dated February 9, 1978, increased the assessment from $102,800 to $191,750. Judgment thereon was entered on March 7, 1978 and the Superior Court, Appellate Division, affirmed. Plaintiffs' motion seeks, through application of the Freeze Act, to extend the assessment determined by the Division to 1973 and 1974. Defendant opposes the motion.

The relevant statute, *N.J.S.A.* 54:2–43 (the Freeze Act), provides:

> Where a judgment final has been rendered by the Division of Tax Appeals in the State Department of Taxation and Finance involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such appeal, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment . . . ..

The only issue before this court is the standing of plaintiffs to invoke the Freeze Act over the taxpayer's opposition. In my view, the resolution of this issue is governed by decisions of our Supreme Court in the cases of *Newark v. Fischer*, 8 *N.J.* 191, 84 *A.2d* 547 (1951); *Union Terminal Cold Storage v. Spence*, 17 *N.J.* 162, 110 *A.2d* 110 (1954), and *Hasbrouck Heights v. Division of Tax Appeals*, 41 *N.J.* 492, 197 *A.2d* 553 (1964). In those cases

the court concluded, from an examination of legislative history, that the Freeze Act was enacted to prevent repeated yearly increases in the assessed value of property, unwarranted by changes increasing the value, resulting in harassment of the taxpayer by subjecting him to the trouble and expense of annual appeals to the county tax board. The statute was thus interpreted to be invoked at the exclusive election of the taxpayer. The court in *Hasbrouck Heights* determined, also in light of the legislative history, that the municipality's inability to invoke the Freeze Act did not render the legislation constitutionally infirm.

The same reasons that preclude the invocation of the Freeze Act by the municipality apply with equal effect to plaintiffs' effort to apply the statute over the taxpayer's opposition.

Plaintiffs argue that the case of *Rothman v. River Edge*, 149 *N.J.Super.* 435, 374 *A.*2d 36 (App.Div.1977) directly supports their position. That case is readily distinguishable and its application will be confined to the cases involving similar factual situations.

Plaintiffs' motion is denied.