ATRIUM DEVELOPMENT CORP., A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. CONTINENTAL PLAZA
CORP., AND HACKENSACK CEMETERY CO., DEFENDANTS-
APPELLANTS, AND THE CITY OF HACKENSACK, DEFEND-
ANT.

ATRIUM DEVELOPMENT CORP., A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. RREEF USA FUND–I, DE-
FENDANT-APPELLANT, AND CITY OF HACKENSACK, DE-
FENDANT.

Superior Court of New Jersey
Appellate Division

Argued December 16, 1986—Decided January 21, 1987.

---

Before Judges PRESSLER, BAIME and ASHBEY.

*Daniel Louis Grossman* argued the cause for appellants Continental Plaza and RREEF USA FUND–I (*Martin E. Dollinger,* attorney; *Daniel Louis Grossman,* of counsel and on the brief).

*Anthony D. Andora* argued the cause for respondent (*Andora, Palmisano, Harris & Romano,* attorneys; *Anthony D. Andora,* of counsel; *Joseph M. Andresini,* on the brief).

No brief was filed on behalf of appellant Hackensack Cemetery Co.

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

Plaintiff Atrium Development Corp., the owner of commercial property in the City of Hackensack which it concedes to be fairly assessed, filed complaints in the Tax Court seeking an increase in the assessment of two other commercial properties in the City which it alleges to be grossly underassessed.[1] The

---

[1] The two complaints were subsequently consolidated. They were brought in the Tax Court because the assessments involved exceeded $750,000. *See* *N.J.S.A.* 54:51A–2 and *R.* 8:2(a).

owners of those properties, defendants Continental Plaza Corp. and RREEF USA FUND–I, moved for summary judgment dismissing the complaints contending that plaintiff was without standing. We granted leave to appeal from the denial of that motion and now affirm.

Plaintiff bases its standing argument on *N.J.S.A.* 54:3–21, which accords a right of appeal to any "taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county...." This provision has been part of the real property assessment law since 1906, *see* Pamph.L. 1906, p. 211, § 3, and in 1908 was construed, in accordance with its plain language, as according standing to a taxpayer to challenge, on discrimination grounds, the alleged underassessment of the property of others in the district. *See Royal Mfg. Co. v. Bd. of Equal. of Taxes,* 76 *N.J.L.* 402, 404 (Sup.Ct.1908), aff'd 78 *N.J.L.* 337 (E. & A. 1909). *And see Wayne v. Laflin & Rand Powder Co.,* 76 *N.J.L.* 175 (Sup.Ct.1908). Insofar as we are able to determine from our research, that construction has not been judicially questioned since. *See, e.g., Diorio v. Atlantic City Sewerage Co.,* 20 *N.J.Misc.* 105 (St.Bd.Tax App.1942); *Lidell v. Mimosa Lakes Ass'n,* 6 *N.J.Tax* 417 (Tax Ct.1984); *Bostian v. Franklin State Bank,* 1 *N.J.Tax* 270 (Tax Ct.1980), aff'd 179 *N.J.Super.* 174 (App.Div.1980); *Eckardt v. Sisler Enterprises,* 1 *N.J.Tax* 25 (Tax Ct.1980).

We are aware that the decision in *Royal Mfg.* has been the subject of serious criticism both by the United States Supreme Court and the New Jersey Supreme Court. *See Hillsborough Township v. Cromwell,* 326 *U.S.* 620, 624–625, 66 *S.Ct.* 445, 448–449, 90 *L.Ed.* 358 (1945); *Baldwin Const. Co. v. Essex County Bd. of Taxation,* 16 *N.J.* 329, 341 (1954); *Gibraltar Corrugated Paper Co. v. North Bergen Tp.,* 20 *N.J.* 213, 219 (1955); *Switz v. Middletown Twp.,* 23 *N.J.* 580, 591 (1957); *In re Appeals of Kents 2124 Atlantic Ave., Inc.,* 34 *N.J.* 21, 25

(1961). The thrust of that criticism, however, was never directed to the asserted statutory right of a taxpayer to complain of the underassessment of another's property but rather to its holding that such a course of action was the exclusive method by which a taxpayer claiming discrimination in his assessment could seek redress.

We have come a long way since *Baldwin, Switz* and *Kents,* both legislatively and judicially, in developing principles and techniques by which a taxpayer can obtain relief from a discriminatory overassessment. *See generally Murnick v. Asbury Park,* 95 *N.J.* 452 (1984). *And see N.J.S.A.* 54:1–35a and 54:1–35b, commonly known as Chapter 123, and 54:51A–5. We see no reason, however, why the present structure of discrimination relief available to an overassessed taxpayer should in any way abrogate a parallel and correlative right of a properly assessed taxpayer to complain of the underassessment of others. While it may well be that the taxpayer will obtain considerably less immediate financial benefit from causing another's assessment to be raised than he would by achieving a reduction in his own assessment, we are satisfied that conceptually he is no less discriminated against when another's assessment is below the common level range than he is when his own is above that range. In either case, there is to that taxpayer a fundamental and indeed unconstitutional unfairness in the distribution of the tax burden. *See N.J.Const.* (1947), Art. VIII, § 1, ¶ 1. If we were now to preclude a taxpayer from seeking to have another's underassessment raised by holding that the exclusively available discrimination relief is a complaint by an overassessed taxpayer respecting his own assessment, we would be making the same error as was made by *Royal Mfg.* We would also, in our view, be effectively immunizing the underassessment and unjustifiably impairing a taxpayer's opportunity to ensure the integrity of the local tax scheme which demands equality of treatment for all. And finally, we would

be departing from a common understanding of the import of the verbiage of policy of *N.J.S.A.* 54:3–21, which the Legislature has been content to accept for almost 80 years. *See, e.g., N.J.Ass'n on Correction v. Lan,* 80 *N.J.* 199, 214–215 (1979).[2]

We recognize that there is a split of authority on the issue of taxpayer standing to challenge the assessment of another. *See* cases collected in *Annot.,* 9 *A.L.R.*4th 428 (1981). We also recognize that there is a capacity for mischief and vexatiousness in according such standing. We believe, however, that the well-settled policy of this state is based on the perception that the potential for abuse is outweighed by the necessity of providing a broad range of techniques for ensuring the ultimate fairness of the local property tax system. We, moreover, have no doubt that the Tax Court, by appropriate use of protective orders, has the authority to protect a defendant's right to confidentiality from untoward intrusion in an underassessment action. *See R.* 4:10–1, 4:10–3. *See also,* as to the applicability of these rules to the Tax Court, *F.M.C. Stores Co. v. Borough of Morris Plains,* 100 *N.J.* 418 (1985).

Affirmed.

---

[2]We also regard as supportive of the Tax Court's reading of *N.J.S.A.* 54:3–21, the express statutory language of *N.J.S.A.* 54:4–63.12 and .13 according any taxpayer of the taxing district the right to complain that taxable property was improperly omitted from the assessment roles. *See also Brunson, et al. v. Rutherford Lodge,* 128 *N.J.Super.* 66 (Law Div.1974); *Evans v. Wingert,* 18 *N.J.Super.* 128 (Law Div.1952).