## THE MONTANA NATIONAL BANK OF BILLINGS *v.* YELLOWSTONE COUNTY OF MONTANA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 207.   Argued January 20, 1928.—Decided April 9, 1928.

1. A substantial discrimination against national banks in favor of incorporated state banks resulting from taxation of national bank shares upon a valuation equal to that of the assets of the bank, including bonds and like securities of the United States, while the shares of the state banks are not taxed and the state banks them-

selves are taxed only on the value of their assets after excluding United States bonds and securities, violates Rev. Stats., § 5219. P. 502.

2. Taxation of shares of state corporate banks must be like that of shares of national banks, so far as necessary to prevent discrimination; in neither case does the exemption of federal securities held by the bank apply in taxation of the shares. *Des Moines Bank* v. *Fairweather*, 263 U. S. 103, distinguished. P. 503.

3. Where the shares of a national bank were taxed and the tax paid, under statutes then construed by the State Supreme Court as not permitting shares of state corporate banks to be taxed, but only the state banks themselves, thus creating a discrimination due to the inclusion of United States securities owned by the national bank in the valuation of its shares and to the necessary exclusion of like securities owned by the state banks in assessing their assets, *held*—(1) that the right of the national bank, suing for its shareholders, to challenge the validity of the statutes as so construed and applied, and to recover the taxes paid, was not affected by a decision of the State Supreme Court in the suit repudiating the earlier construction and declaring the state bank shares taxable; (2) that the fact that under the later decision the taxing officials were empowered to tax the shares of state banks and thus bring about equality, was not an obstacle to the suit, no intention to exercise the power having been manifested; and (3) that failure to apply to the county board of equalization for administrative relief was no bar to maintenance of the action, since the board had no power to grant it under the statute as construed when the taxes were imposed and collected. P. 504.

78 Mont. 62, reversed.

Error to a judgment of the Supreme Court of Montana, denying relief in an action by the bank to recover taxes on its shares collected by the county.

*Mr. Horace S. Davis,* with whom *Messrs. M. S. Gunn, Rockwood Brown,* and *R. G. Wiggenhorn* were on the brief, for plaintiff in error.

*Mr. L. A. Foot,* Attorney General of Montana, with whom *Messrs. A. H. Angstman* and *C. N. Davidson,* As-

sistant Attorneys General, were on the brief, for defendants in error.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Plaintiff in error, a banking corporation organized under the laws of the United States, is engaged in a general commercial banking business in Yellowstone County, Montana. For the year 1925, an assessment for taxes was made by the assessor of Yellowstone County upon the shareholders, based upon the value of their shares of stock in the bank. The bank owned no real estate. In pursuance of the assessment, taxes were levied in the aggregate sum of $3,897.84 and demand was made for the payment of fifty per cent. of that amount, as provided by the Montana statutes. The bank paid the sum demanded under protest, claiming that the assessment and levy and the statutes of Montana under which they were made were invalid as being in conflict with Rev. Stats. § 5219, with certain provisions of the constitution of Montana, and with the due process and equal protection of law clauses of the Fourteenth Amendment to the Constitution of the United States. This action was then brought by the bank in behalf of its shareholders to recover the amount of the payment. The court of first instance sustained a general demurrer to the complaint and rendered final judgment against plaintiff in error, which, upon appeal to the state supreme court, was affirmed. 78 Mont. 62.

Here the argument is confined to the question whether there is a violation of the restriction upon the state power of taxation contained in Rev. Stats. § 5219 that the taxation of shares of national banking associations " shall not. be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State."

The contention that the laws of Montana, under which the assessment and levy were made, contravene this restriction, rests upon the fact that shares of national banks were valued for assessment purposes at an amount equivalent to the value of the corporate assets, including Liberty Loan bonds and similar securities of the United States, and were taxed accordingly, while shares of state banks were not assessed or taxed at all, and the banks themselves were taxed upon the value of their assets, after excluding such bonds and similar securities.

It is clear that the state statutes, as construed by the state supreme court *in the present case,* do not produce the discrimination asserted or any discrimination in favor of the moneyed capital employed by state banks in competition with national banks. That court now holds that the provisions of the state constitution and statutes require the state to tax the property of every state bank and also the shares to the extent that they have a value beyond that of the taxable property of the bank. In assessing and imposing taxes upon the corporations, the value of the United States securities owned by the corporations is excluded, because such securities are exempted from state taxation by the laws of the United States. But in the taxation of shares of state as well as of national banks, the value of these securities, so far as it contributes to the value of the shares, is included, because the shares are the property of the shareholders distinct from the corporate assets, which are the property of the banks. See *Home Savings Bank* v. *Des Moines,* 205 U.S. 503, 518.

If this were all, there would be no discrimination within the meaning of the federal law. But it is not all. The assessment, as actually made, clearly violated the restriction in § 5219 here relied upon; and it was made in conformity with the state statutes as construed by the state supreme court in the earlier case of *East Helena State*

*Bank* v. *Rogers,* 73 Mont. 210.  In that case the require-
ment of the statutes, so far as it applied to state banks,
was stated by the court as follows (p. 217):

" This state had the option to tax the shares of stock in
state banks to the individual shareholders, or to tax the
property of such banks to the banks themselves.  It could
not tax both at the same time.  (Sec. 17, Art. XII, Con-
stitution of Montana.)  If it had chosen the first alterna-
tive, it might then have assessed the shares at their full
cash value without reference to the character of the se-
curities in which the bank's funds were invested (*Van
Allen* v. *Assessors,* 3 Wall. 573, 18 L. Ed. 229 [see, also,
Rose's U. S. Notes]); but it chose to tax the property of
the banks, and must abide the consequences."

The taxing officials, conforming to this construction of
the state law, as they were bound to do, while they
assessed, levied and collected the tax now under review,
laid no tax whatever upon shares of state banking cor-
porations, although, as the record shows, these shares had
a very large taxable value over and above the value of
the taxable property of the banks, due to the ownership
by the banks of tax-exempt federal securities.  That this
resulted in a substantial discrimination against plaintiff
in error within the meaning of the restriction contained
in § 5219 does not admit of doubt.  *Van Allen* v. *Asses-
sors,* 3 Wall. 573, 581; *Mercantile Bank* v. *New York,* 121
U. S. 138, 148, 152; *Owensboro National Bank* v. *Owens-
boro,* 173 U. S. 664, 677.

Nevertheless, it is contended for the defendants in
error that, since the exemption from taxation of the fed-
eral securities in the hands of the state banks is created
by federal statute, the discrimination is one which the
state could not avoid.  It is said that it was so decided in
*Des Moines Bank* v. *Fairweather,* 263 U. S. 103.  But this
view of that decision is entirely erroneous.  The statutes
of Iowa there under review expressly provide that shares

of stock in national banks and state and savings banks and loan and trust companies located in the state shall be assessed to the individual stockholders; and shares of national banks and those of competing state corporations are put, for purposes of taxation, upon terms of exact equality. The provision of the Iowa statute which was assailed related to the assessment of capital employed by *individual* bankers (p. 105); and this Court held that the restriction of § 5219 was not violated because the state, perforce, allowed a deduction of federal securities in assessing the capital of such individual bankers; that the federal law made such securities exempt and the state merely respected the exemption. P. 117. The decision in no way affects the rule (*Van Allen* v. *Assessors* and other cases, *supra*) that in respect of the taxation of state *corporate* banks, the shares must be taxed as they are in the case of national banks, so far as necessary to prevent discrimination, and that, in neither case, does the exemption of federal securities apply in the taxation of such shares.

It is true that the state supreme court in the present case expressly repudiated the construction theretofore put by it upon the state statutes in the *Rogers* case, *supra,* and, as already stated, adopted one to the exact contrary. But that does not cure the mischief which had been done under the earlier construction. That construction had already been acted upon by the taxing officials and the application thus made of the statutes had given rise to the present cause of action and an undoubted right to recover thereon. The statutes, as thus construed and applied to the concrete facts of the case, were invalid; and this is enough to justify the challenge here under consideration. *Cudahy Co.* v. *Parramore,* 263 U. S. 418, 422; *Ward & Gow* v. *Krinsky,* 259 U. S. 503, 510. Plaintiff in error cannot be deprived of its legal right to recover the amount of the tax unlawfully exacted of it

by the later decision which, while repudiating the construction under which the unlawful exaction was made, leaves the monies thus exacted in the public treasury.

But it is said that the taxing officers of the county, in view of the later decision, now have the power to tax the shares of state banks and thus bring about an equality. As to this it is unnecessary to say more than that it nowhere appears that these officers, if they possess the power, have undertaken to exercise it or that they have any intention of ever doing so. It will be soon enough to invite consideration of this purely speculative suggestion when, if ever, the taxing officials shall have put it into practical effect.

Finally, it is urged that plaintiff in error may not maintain this action because of its failure to apply to the county board of equalization for an administrative remedy. We do not stop to inquire whether under any circumstances such remedy was open to the taxpayer, for the short answer is that the decision of the Supreme Court of Montana in the *Rogers* case would have rendered any such application utterly futile since the county board of equalization was powerless to grant any appropriate relief in the face of that conclusive decision. See *Hills* v. *Exchange Bank,* 105 U. S. 319, 321; *Whitbeck* v. *Mercantile Bank,* 127 U. S. 193, 199. Compare, *First Natl. Bank* v. *Weld County,* 264 U. S. 450, 454–455.

*Judgment reversed.*