## CITIZENS' & SOUTHERN NAT. BANK v. CITY OF ATLANTA.

### No. 6165.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1931.

558

E. W. Moise, of Atlanta, Ga., for appellant.

Jas. L. Mayson, of Atlanta, Ga., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a national bank, having become involved in a tax controversy with the tax assessor of the city of Atlanta over the payment of taxes on the value of its shares, the city contending that the shares should be assessed at their market, the bank at their book value, appealed to the tax committee and there prevailed in its contention. Thereafter the bank undertaking to deduct from the value of the shares so arrived at. the assessed value of its real estate in which it had only an equity, and the city insisting that in accordance with the Georgia statute [1] it deduct only the assessed value of its equity in the property, the bank paid the taxes except that amount representing the item in controversy under an agreement following:

"Whereas the City of Atlanta and The Citizens & Southern National Bank (Atlanta Branch) had a controversy about taxes to be paid to the City of Atlanta for the year 1930 and on appeal from the Tax Committee to the general council it was decided that the bank pay taxes on the value of its shares on the basis of its capital stock, surplus and undivided profits and the City of Atlanta was willing to accept settlement based on these items as constituting the items subject to taxation.

"But when the time for adjustment came said bank deducted the entire assessed value of the building known as the Atlanta Trust Company Building from the said shares and the City contends through its tax assessors, that the. bank should pay taxes on the entire assessed value of said building as real property of the bank, and deduct from the assessed value of the shares only the assessed value of its equity in said building, and the City and the bank have agreed that the bank pay on the basis for which the bank contends and leave the question of the bank's liability for the additional tax for which the City contends to be decided hereafter.

"Therefore the City of Atlanta hereby acknowledges receipt from the Citizens & Southern National Bank of the sum of $52,646.28 on account of taxes due to the City of Atlanta for the year 1930 under the foregoing statement, which amount will be credited on the taxes due the City of Atlanta on the basis contended for by the bank, and the balance of said taxes will be held by the City of Atlanta for collection as provided by law but without prejudice to the contention aforesaid of the bank."

The city of Atlanta thereafter issuing a tax fi. fa. to collect the amount. represented by this item, $5,412.27, plaintiff filed its bill seeking an injunction against the tax.

In addition to presenting the contention which alone the agreement had reserved, that the deduction of only the bank's equity in its real estate instead of its full value constituted an unlawful discrimination, plaintiff undertook by its bill to present two other grounds of attack; that the assessment was not upon the shares, but upon the capital of the bank, and therefore in violation of the federal statute [2]; that the Legislature of Georgia having

---

[1] Section 11, Georgia Laws 1927, p. 99: "Provided further, that where real estate is fully paid for, the value at which it is returned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market. value of their shares."

[2] U. S. C., title 12, § 548 (12 USCA § 548):
"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:
"1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except as hereinafter provided in sub-

in 1929 imposed an income tax on every person, firm, or corporation in the state, it had elected to tax the income of the shareholders of the bank and had thereby disabled itself from taxing them on the value of their shares. These matters the plaintiff had raised in the petition to the tax committee, but when it prevailed there, it abandoned them.

■■ The injunctive power of federal courts may be properly invoked only for the determination of actual, as opposed to theoretical, controversies. This is especially true of taxation affecting national banks. Courts do not concern themselves here with the consideration of "purely speculative suggestions" as to what the officers of a state might under its statutes do in attempting to exert its taxing power. Montana National Bank v. Yellowstone County, 276 U. S. 505, 48 S. Ct. 331, 72 L. Ed. 673. It is only where the validity of an assessment by the officers of a state is seriously and properly challenged that the court determines the effect of the thing done. First National Bank v. Adams, 258 U. S. 365, 42 S. Ct. 323, 66 L. Ed. 661. Where, as here, the bank and the city have agreed that the tax was upon the value of the shares, and that it was proper for the bank to pay it, and the bank, as agent for the shareholders (Merchants' & Manufacturers' National Bank v. Pennsylvania, 167 U. S. 461, 17 S. Ct. 829, 42 L. Ed. 236), did pay it under an agreement reciting "the balance of said tax will be held by the City of Atlanta for collection as provided by law, but without prejudice to the contention aforesaid of the bank," no real, no substantial controversy is presented for decision, except the one contention reserved, whether the refusal to deduct the full assessed value of the bank's realty constituted an unlawful discrimination. Considering this question we think it entirely clear that the record before us shows that no illegal discrimination was practised. There is indeed pleading on the part of plaintiff that the city of Atlanta has applied to the petitioner alone the method of taxation which deducts from the value of its shares only the value of its equity in its real estate, and to no other person similarly situated. These allegations,

however, are flatly denied by the city, and there is no proof in support of them. No evidence at all was offered that any person similarly situated with plaintiff was treated differently. The evidence offered by plaintiff that the First National Bank of Atlanta was allowed a deduction of the full assessed value of its real estate because the real estate was fully paid for shows not an unequal, a discriminatory treatment, but on the contrary a like treatment, there being allowed in the case of each bank a deduction, from the value of its shares, of that part of its capital and surplus which it had invested in real estate.

■■ It is beyond question that the shares of stock in a corporation, and the property of the corporation itself, may be treated for the purpose of taxation, as entirely separate and distinct. There is no constitutional objection to assessing the shareholders on the full value of their shares, and the corporation on the full value of its property. Klein v. Board of Tax Supervisors, 282 U. S. 22, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679. The same rule applies to national banks. Their stockholders may be assessed on the full value of their shares without deduction, either because of property on which the corporation may have paid a tax, or because of property as to which the corporation, because of the nature of the property or the existence of some contract exemption, is not obligated to pay a tax. Tennessee v. Whitworth, 117 U. S. 129, 6 S. Ct. 645, 29 L. Ed. 830; Bank of Commerce v. Tennessee, 161 U. S. 146, 16 S. Ct. 456, 40 L. Ed. 645; New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202; cf. Owensboro National Bank v. Owensboro, 173 U. S. 682, 19 S. Ct. 537, 43 L. Ed. 850; Commercial Nat. Bank v. Chambers, 182 U. S. 556, 21 S. Ct. 863, 45 L. Ed. 1227; Merchants' & Manufacturers' Nat. Bank v. Pennsylvania, 167 U. S. 461, 17 S. Ct. 829, 42 L. Ed. 236.

■■ The only matter with which the federal statute affecting the taxation of national banks which appellant invokes, is concerned, is that there be no tax discrimination in assessing the shares of national banks and other forms of moneyed capital. It does not require the state to adopt the same scheme for taxing all banks, either state or national. It merely requires that as between state and national banks there be no direct, no deliberate discrimination. Amoskeag Sav. Bank v. Purdy, 231 U. S. 373, 34 S. Ct. 114, 58 L. Ed. 274; Montana Nat. Bank v. Yellowstone County, 276 U. S. 500, 48 S. Ct. 331, 72 L. Ed. 673. This statute is in no manner trans-

division (c) of this clause. * * * 2. The shares of any national banking association owned by nonresidents of any State, shall be taxed by the taxing district or by the State where the association is located and not elsewhere; and such association shall make return of such shares and pay the tax thereon as agent of such nonresident shareholders. 3. Nothing herein shall be construed to exempt the real property of associations from taxation in any State or in any subdivision thereof, to the same extent, according to its value, as other real property is taxed."

gressed by the provision of the Georgia law that there may be deducted in arriving at the value of national bank shares for the purposes of assessment, the amount or value of the capital actually invested in real estate. The statute applies to all banks, state and national, and operates in the same way as to all. Nor is plaintiff's case any better under the Fourteenth Amendment. The state of Georgia could have assessed the shares at their full value, allowing no deductions. Klein v. Bd. of Tax Supervisors, 282 U. S. 22, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679; New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202. Plaintiff certainly cannot complain of an act of grace which granted plaintiff a deduction which it was not entitled to as of right, especially when the grant is in the same terms to all, that any bank may deduct from the value of its shares the amount of its capital which it has invested in real estate.

The illustration which plaintiff presents in support of its argument, that inequality flows from the statute, does not support the argument. The excess of the tax which Bank A and its shareholders owning merely an equity in real estate, will pay over Bank B and its shareholders owning their real estate in full, does not flow from the operation of the statutes taxing bank shares, or from that authorizing the deduction of the capital invested in real estate, but from the operation of the general taxing statutes of Georgia which require taxes to be paid upon the full value of real estate by the owner of it, whether this owner has paid in full for it or has only an equity in it. So far from the statute complained of operating a hardship, it, to the extent that it reduces the tax to be paid on the shares, ameliorates the rigor of the general taxing law. Plaintiff's case was without equity.

The judgment of the court below refusing the injunction is affirmed.

