## CENTRAL R. CO. OF NEW JERSEY v. MARTIN, State Tax Com'r, et al.

## LEHIGH VALLEY R. CO. OF NEW JERSEY et al. v. SAME.

### Nos. 5103, 5104.

Circuit Court of Appeals, Third Circuit.

June 16, 1933.

Maximilian M. Stallman, of Newark, N. J., Robert J. Bain, of Jersey City, N. J., and Alexander H. Elder and Jervis Langdon, Jr., both of New York City, for appellants.

William A. Stevens, Atty. Gen. (Duane E. Minard, Asst. Atty. Gen., Edward P. Stout, of Jersey City, N. J., and John Solan, of Trenton, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Central Railroad Company of New Jersey and the Lehigh Valley Railroad, owning property in New Jersey, each filed a bill in equity against the State Tax Commissioner, State Comptroller of the Treasury, the State Treasurer, and the State Attorney General, praying for relief against alleged unjust discrimination in the assessment and collection of taxes. No answer was filed by the defendants, who moved to dismiss the bills, which that court did. Thereupon an appeal was taken in each case. There having been no answer filed, we, for present purposes, take the averments of the bills as proven: That there has been unjust discrimination, in that property of other taxpayers has been assessed at 65 per cent. of its value, while the plaintiffs' property has been assessed on 100 per cent. valuation; that this has been "consistently, systematically, intentionally and notoriously" done; that they offered to prove these facts to the state taxing authorities and were refused relief. Such being the case before it, was the court below in error in dismissing the bills?

That such an intentional, discriminatory, and unfair assessment is a violation of federal constitutional rights is clear. See Sioux

City Bridge v. Dakota County, 260 U. S. 441, 43 S. Ct. 190, 191, 67 L. Ed. 340, 28 A. L. R. 979, where, quoting from Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154, it is said: " 'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against *intentional and aribitrary discrimination,* whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. And it must be regarded as settled that *intentional systematic undervaluation by state officials of other taxable property in the same class contravenes* the constitutional right of one taxed upon the full value of his property. Raymond v. Chicago U. T. Co., 207 U. S. 20, 35, 37 [28 S. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757].' Analogous cases are Greene v. Louisville & Interurban R. Co., 244 U. S. 499, 516, 517, 518, 37 S. Ct. 673, 61 L. Ed. 1280 [Ann. Cas. 1917E, 88]; Cummings v. Merchants' Nat. Bank, 101 U. S. 153, 160, 25 L. Ed. 903; Taylor v. Louisville & N. R. Co., 31 C. C. A. 537, 88 F. 350, 364, 365, 372, 374; Louisville & N. R. R. Co. v. Bosworth (D. C.) 209 F. 380, 452; Washington Power Co. v. Kootenai County (C. C. A.) 270 F. 369, 374."

To the same effect are: Greene v. Louisville & I. R. Co. 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Montana Nat. Bank v. Yellowstone County, 276 U. S. 499, 48 S. Ct. 331, 72 L. Ed. 673; Cumberland Coal Co. v. Board of Revision of Tax Assessments, 284 U. S. 23, 52 S. Ct. 48, 76 L. Ed. 146; Iowa-Des Moines Nat. Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 76 L. Ed. 265.

Such violation existing, the right is to have the discriminatory assessment of 100 per cent. reduced to the 65 per cent. level of other taxpayers, or, as the Supreme Court, citing Taylor v. Louisville & N. R. Co. (C. C. A.) 88 F. 350, and Greene v. Louisville & I. R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88, held in Sioux City Bridge Co. v. Dakota County, 260 U. S. 446, 43 S. Ct. 190, 192, 67 L. Ed. 340, 28 A. L. R. 979: "This court holds that the right of the taxpayer whose property alone is taxed at 100 per cent. of its true value is to have his assessment reduced to the percentage of that value at which others are taxed." Later on it was held in Iowa-Des Moines Nat. Bank v. Bennett, 284 U. S. 239, 52 S. Ct. 133, 136, 76 L. Ed. 265: "The right invoked is that to equal treatment; and such treatment will be attained if either their competitors' taxes are increased or their own reduced. But it is well settled that a taxpayer who has been subjected to discriminatory taxation through the favoring of others in violation of federal law cannot be required himself to assume the burden of seeking an increase of the taxes which the others should have paid. Cumberland Coal Co. v. Board of Revision [284 U. S. 23, 52 S. Ct. 48, 76 L. Ed. 146], supra; Greene v. Louisville & I. R. Co., 244 U. S. 499, 514–518, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Chicago Great Western Ry. Co. v. Kendall, 266 U. S. 94, 96, 98, 45 S. Ct. 55, 69 L. Ed. 183; Sioux City Bridge Co. v. Dakota County [260 U. S. 441, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979], supra. Nor may he be remitted to the necessity of awaiting such action by the state officials upon their own initiative. Montana National Bank v. Yellowstone County [276 U. S. 499, 48 S. Ct. 331, 72 L. Ed. 673], supra."

But assuming for present purposes that the taxpayer who had been unjustly and intentionally discriminated against had resorted to the state courts for redress, it is clear that those courts concede their inability to grant relief. This they cannot do on two stated grounds. First, the constitution of New Jersey providing for the assessment of property on the basis of actual value, the courts of that state are unable, by reason thereof, to reduce and assess the plaintiffs' property on the 65 per cent. basis of their neighbors'; and, second, the Legislature of the state has provided no machinery for raising the 65 per cent. assessment of the plaintiffs' fellow taxpayers up to the 100 per cent. assessment of the plaintiffs.

As to the first proposition, the Court of Errors and Appeals, in Long Dock Co. v. State Board of Taxes & Assessment, 90 N. J. Law, 702, 101 A. 368, affirms the judgment of the New Jersey Supreme Court (89 N. J. Law, 108, 97 A. 900, 903), which said: "If the Legislature has provided no machinery * * * to compel the undervaluation of neighboring property to be raised to its true value, the proposition to lower the railroad value may appeal to a sense of fairness, but is not legally sound." Furthermore, the same court, in Royal Mfg. Co. v. Board of Equalization, 78 N. J. Law, 337, 74 A. 525, holds that to reduce a full value assessment to the level of undervalue assessed property would be a violation of the Constitution of New Jersey.

As to the second proposition, the same

court, in Jersey City v. Board of Equalization, 74 N. J. Law, 753, 67 A. 38, has held, in effect, that such a raise cannot be made without notice to the taxpayers affected. Moreover, the Supreme Court of the United States, in Sioux City Bridge Co. v. Dakota County, 260 U. S. 446, 43 S. Ct. 190, 192, 67 L. Ed. 340, 28 A. L. R. 979, held: "It is utterly impossible for them [the state courts] by any judicial proceeding to secure an increase in the assessment of the great mass of underassessed property in the taxing district."

We, therefore, have the impasse of the Supreme Court of the United States holding that reduction to the 65 per cent. level is a federal constitutional right, and the courts of New Jersey saying we cannot do this because to do so would violate the Constitution of New Jersey. In other words, we come to the situation stated in Hackensack Water Co. v. State Board of Taxes, 104 N. J. Law, 48, 139 A. 410, 411, as follows: "The position of the prosecutor apparently is that notwithstanding the provision of the New Jersey Constitution referred to and its interpretation in decisions of our courts, that it is entitled to have the Constitution and decisions of this state superseded by the Federal Constitution and the decisions of the federal courts." To our mind that is exactly where the question comes to. The issue is clearly defined. The federal decisions stand on the basis of an even, uniform assessment of all property, so as to produce equality of taxation, while the decisions of New Jersey prevent the enforcement of these federal constitutional rights because the Constitution of that state provides that all property shall be assessed at its full value. Which view shall prevail? It is clear that there can be but one answer to this question, namely, the paramount rights of the federal Constitution. In that connection we under-

stand that the present case is not against the state of New Jersey. It is in all important facts similar to Greene v. Louisville & I. R. Co., 244 U. S. 499, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88. Here, as there, the legality of the state Constitution is not in question. The Constitution of Kentucky, which was involved in that case, and of New Jersey, in this, provided for equality of assessment, and all to be at full value. The wrong is that the Constitution of these states has not been followed by their officers, but there has been an intentional violation of the Constitutions of both states. In other words, the officers of those states violated the Constitution in not assessing all property at full value, and in doing so they have deprived the taxpayer complaining of his federal constitutional rights. Hence the present suit is not against the state of New Jersey, but it is against the servants of the state of New Jersey, who have violated the Constitution of their state by making a nonuniform assessment and valuation of taxable property. Now it is clear that no such action by state officers can fetter the power of a federal court to enforce the rights of a suitor arising under the federal Constitution.

For these reasons it seems clear that the court below is in error in holding the taxpayer had a remedy at law in the New Jersey courts, when those courts themselves disclaimed the power to grant such relief, and that the present suit is one in vindication of, and not in violence to, the Constitution of New Jersey, which says "there shall be a uniform valuation of property." For these reasons the court below (notwithstanding legislation subsequent to the court's taking jurisdiction) was in error.

The decree is therefore vacated, and the bill reinstated, with directions to proceed in due course.