Per Curiam.

The decisions in the instant cases depend on whether the Supreme Court of the United States, in Society for Savings v. Bowers, supra, held that Ohio has no power to tax the intangible interests of ownership in an incorporated mutual savings bank and use the net worth of such bank as the measure of the value for such taxation without excluding federal securities from the assets of the corporation in the computation of such net worth, or held that, although Ohio has such power, it has not exercised the power properly. In other words, did that court hold that Ohio can not do at all what this court held the General Assembly intended it to do with respect to taxation of ownership interests in an incorporated mutual savings bank, or merely that Ohio can not do it in the manner specified by the General Assembly.
If the federal court held that Ohio does not have such power and can not do at all what this court held the General Assembly intended it to do, there can be no valid claim of dis *84 crimination against national banks, if the tax provided for by tbe statutes in question is imposed on shareholders thereof, merely because no comparable tax is imposed on the interests of ownership in incorporated mutual savings banks. Des Moines National Bank v. Fairweather, Mayor, 263 U. S., 103, 68 L. Ed., 191, 44 S. Ct., 23. See, also, First Federal Savings & Loan Assn. v. Peck, Tax Commr., 161 Ohio St., 149, 152, 118 N. E. (2d), 667.
On the other hand, if the federal court recognized that Ohio has such power but held that it has not exercised it properly or that Ohio merely can not do in the manner specified by the General Assembly what this court held the General Assembly intended it to do, then the imposition of such a tax upon shareholders of national banks would result in a substantial discrimination against national banks in violation of Section 548, Title 12, U. S. Code (Montana National Bank of Billings v. Yellowstone County of Montana, 276 U. S., 499, 72 L. Ed., 673, 48 S. Ct., 331). We would then have, a situation where the statutes providing for taxing interests of ownership in financial institutions could not be applied without excluding federal securities from the assets of unincorporated financial institutions, national banks, federal savings and loan associations, and mutual savings banks in the computation of the net worth of such institutions to be used as the measure of the value of the interests taxed. This court is of the opinion that, if the General Assembly had known there would have to be such an exclusion with respect to all financial institutions except those incorporated in Ohio and having shares of capital stock, it would not have intended to withhold such, exclusion with respect to such incorporated Ohio financial institutions. See State v. Pugh, 43 Ohio St., 98, 124, 1 N. E., 439; Pollock v. Farmers’ Loan & Trust Co., 158 U. S., 601, 635, 636, 39 L. Ed., 1108, 15 S. Ct., 912; 11 American Jurisprudence, 842, Section 155.
Mr. Justice Harlan stated in the opinion in the Society for Savings case:
“The Supreme Court of Ohio recognized that this tax, based as it was upon the inclusion of federal obligations, would have to fall if directed against the banks. * * * Holding that the depositors of a mutual savings bank have an interest simi *85 lar to that of shareholders of other hanks, the Ohio court found instead that the tax was imposed upon the ‘intangible property interests’ of the depositors as the owners of each bank. The banks’ capital, surplus fund and undivided profits, which we will refer to as their surplus, were regarded as not themselves the subject matter of the tax, but as simply the measure of the tax against the depositors, and the banks were treated as tax-collecting agents rather than as taxpayers.
“In so deciding the Ohio court relied upon a gloss on the rule of immunity stated above. It has been held that a state may impose a tax upon the stockholders’ interests in a corporation, measured by corporate asset values, without making any deduction on account of United States securities held by the corporation. * * * The result is that when * * * the shareholder tax is measured solely by corporate asset values, such a tax is difficult to distinguish from a tax imposed upon the corporation itself, so far as the practical impact of the two types of taxes upon corporate-owned federal obligations is concerned. Nevertheless, this exception to the general rule of immunity is firmly imbedded in the law.
“* * * The statute is barren of any language expressly imposing this tax on the depositors, and contains no provision giving the bank any right to recover the tax from the depositors, as might be expected if the bank had been regarded as a mere tax-collecting agent. * * *
“* * * In assessing the validity of the tax under federal law, we are not bound by the state’s conclusion that the tax is imposed on the depositors * * *.
“* * * should the bank be. unable to pay the tax, after it has been assessed, there is no provision entitling the state of Ohio to collect it from the depositors. A tax against the depositors which is recoverable only from the bank looks like a tax against the bank. And if the tax is in fact against the bank, it does not matter whether the ultimate economic impact is passed on to the depositors. * * *
“Next, it appears that the statute does not relieve the bank from having to pay the tax on the ‘intangible property interest’ of a depositor who had an account with the bank on the assessment date of the tax, but has withdrawn his account be *86 fore the collection date. And if the bank is required to pay on the former depositor’s account, there is no provision entitling the bank to reimbursement from him. * * * in the case of the deposit tax the statute does contain provisions protecting the bank in such a situation * * *.
“Finally * * * if this tax is on the depositors, we must find somewhere a right in the bank to make itself whole from the depositors for the taxes paid on their account. * * *
(< * * *
“Without provisions protecting the bank against the burdens of the tax, we can not assume that the statute’s operation will not infringe on the immunity of the federal obligations held by the banks. # *
“We conclude that this tax is on the depositors in name only, and that for federal purposes it must be held to be on the banks themselves.”
In our opinion, the above-quoted language indicates a holding that although Ohio has power to tax the intangible interests of ownership in an incorporated mutual savings bank and use the net worth of such bank as the measure of the value for such taxation without excluding federal securities from the assets of the corporation in the computation of such net worth, Ohio has not exercised such power properly or could not exercise it in the manner specified by the General Assembly.
Such conclusion requires this court to rescind the former judgments in these cases and enter judgments reversing the decisions of the Board of Tax Appeals.

Decisions reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.
Stewart, J., not participating.