The OIL SHALE CORPORATION and
Energy Resources Technology
Land, Inc., Plaintiffs,

v.

Stewart L. UDALL, Secretary of the
Interior, Defendant.

Civ. A. No. 8680.

United States District Court
D. Colorado.

Nov. 27, 1964.

Tweedy, Mosley, Sullivan & Young and Fred M. Winner, Denver, Colo., for plaintiffs.

Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, Denver, Colo., and Thomas L. McKevitt, Dept. of Justice, Washington, D. C., for defendant.

DOYLE, District Judge.

The defendant has moved to dismiss the complaint herein on several grounds, including the following: that the Department of the Interior has primary jurisdiction; that the plaintiffs have failed to exhaust their administrative remedies; that the complaint fails to set forth a justiciable controversy; that the United States is an indispensable party; that the action is barred by laches; and that the complaint fails to set forth a claim upon which relief can be granted. However, the point which has been emphasized is that the present defendant, Stewart L. Udall, has not had an opportunity to pass upon the questions which are here tendered.

It is clear that the doctrine of primary jurisdiction has no application here. The purpose of that doctrine is

to assure that the agency will not be by-passed on what is especially committed to it. The Department of the Interior has not been by-passed; in fact, the object of this action is to set aside decisions rendered by the Department upon the Department's own initiative. Furthermore, the doctrine has been limited to questions of "fact" and questions requiring the skills of administrative specialists. As stated by Mr. Justice Brandeis in Great Northern Ry. Co. v. Merchants Elevator Co., 259 U.S. 285, 291, 42 S.Ct. 477, 479, 66 L.Ed. 943 (1922):

"Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission. Sometimes this is required because the function being exercised is in its nature administrative in contradistinction to judicial. But ordinarily the determining factor is not the character of the function, but the character of the controverted question and the nature of the enquiry necessary for its solution. To determine what rate, rule or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. Preliminary resort to the Commission is required alike in the two classes of cases. It is required because the inquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable, and such acquaintance is commonly to be found only in a body of experts. But what construction shall be given to a railroad tariff presents ordinarily a question of law which does not differ in character from those presented when the construction of any other document is in dispute."

At a hearing on this motion held November 19, 1964, defendant conceded that there exist no substantial issues of fact in this case, and that essentially the controversy involves a question of law. Consequently, the primary jurisdiction argument is inapposite. See also W. P. Brown and Sons Lumber Co. v. Louisville and N. R. Co., 299 U.S. 393, 57 S.Ct. 265, 81 L.Ed. 301 (1937); Far East Conference v. United States, 342 U.S. 570, 574–575, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

 Although the exhaustion of remedies doctrine is more difficult to apply, it likewise does not constitute a ground for dismissal of this action. The relevant factors in applying this doctrine are three: the extent of injury from pursuit of the administrative remedy; the degree of apparent clarity or doubt about administrative jurisdiction; and involvement of specialized administrative understanding in the question of jurisdiction. Davis, Administrative Law, § 20.03. While the risk of injury is unclear, there appears to be neither specialized understanding nor great doubt concerning the Department of the Interior's jurisdiction—assuming, as we must, that the allegations of the complaint are true. According to the complaint, the defendant's predecessor systematically attacked the validity of mining claims, first in 1927 and again after 1930, for failure to perform annual assessment work. These proceedings were successfully challenged in Wilbur v. U. S. ex rel. Krushnic, 280 U.S. 306, 50 S.Ct. 103, 74 L.Ed. 445 (1930), and Ickes v. Virginia-Colorado Development Corp., 295 U.S. 639, 55 S.Ct. 888, 79 L.Ed. 1627 (1935). This last cited case was in most respects identical to the present one: it was a suit for a mandatory injunction against the Secretary of the Interior requiring him to vacate certain adverse proceedings and his decision declaring

certain placer claims of the plaintiff void. The Supreme Court, speaking through Mr. Justice Hughes, concluded: "We think that the Department's challenge, its adverse proceedings, and the decision set forth in the bill went beyond the authority conferred by law." This unequivocal holding that the Department had exceeded its jurisdiction alone refutes the exhaustion of remedies argument. In addition, inadequacy of administrative remedies is usually sufficient for dispensing with the exhaustion requirement, Union P. R. Co. v. Board of Commissioners, 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110 (1918), Waite v. Macy, 246 U.S. 606, 38 S.Ct. 395, 62 L. Ed. 892 (1918), Montana National Bank of Billings v. Yellowstone County, 276 U.S. 499, 505, 48 S.Ct. 331, 333, 72 L. Ed. 673 (1928), Hillsborough Twp., Somerset County, N. J. v. Cromwell, 326 U.S. 620, 626, 66 S.Ct. 445, 449, 90 L.Ed. 358 (1946); and occasionally, futility of pursuing the administrative remedy has been held sufficient to dispense with the exhaustion requirement. City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628 (1934). In this regard, it appears that following the Virginia-Colorado decision, supra, the Department of the Interior treated as overruled its decisions that mining claims were void for failure to perform the requisite assessment work. It further appears that on April 17, 1964, the Department suddenly reversed its position and intends to treat its earlier decisions as effective. Union Oil Company of California, 71 I.D. 169 (1964). Since the sole administrative remedy available to plaintiffs is to request the defendant to reverse his predecessor's decision, the Union Oil Company ruling exposes both the inadequacy of this remedy and the futility of pursuing it. This is not altered by the defendant's disposition to set aside the decisions in question on grounds such as failure of service of process. The issue is squarely the relevancy of failure to perform assessment work to the validity of mining claims, an issue on which the Supreme Court has already spoken twice. It appears that plaintiffs' remedy, if any, must be sought in this Court.

The other grounds urged, less vigorously, by defendant are also without merit. Thus the complaint sets forth a justiciable controversy: plaintiffs do not seek an advisory opinion, nor is the controversy hypothetical or moot; the challenged decisions rendered by the Department are final. This action is akin to a quiet title suit, and the nature of the right asserted by plaintiffs was described by the Supreme Court in the Krushnic case, supra, as follows:

"* * * when the location of a mining claim is perfected under the law, it has the effect of a grant by the United States of the right of present and exclusive possession. The claim is property in the fullest sense of that term; and may be sold, transferred, mortgaged, and inherited without infringing any right or title of the United States. * * * The owner is not required to purchase the claim or secure patent from the United States; * * *." 280 U.S. 306 at 316, 317, 50 S.Ct. 103 at 104.

It is noteworthy that United States v. State of West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546 (1935), relied upon by defendant on the question of justiciability, was decided two weeks before the Virginia-Colorado decision, supra. It is unlikely that, had justiciability been a serious problem, it would have escaped the Court's notice. It is, therefore, concluded that the complaint describes a justiciable controversy.

Furthermore, it does not appear that the United States is an indispensable or necessary party. Ickes v. Fox, 300 U.S. 82, 57 S.Ct. 412, 81 L.Ed. 888 (1937). In short, it appears that the motion is wholly lacking in merit and it is, therefore,

Ordered that defendant's motion to dismiss shall be, and it is hereby denied.