AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES et al., Appellants,

v.

Vernon D. ACREE, Commissioner of Customs, et al., Appellees.

No. 72–1032.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 16, 1973.

Decided Feb. 21, 1973.

Neal Fine, Washington, D. C., with whom James Neustadt and Raymond J. Malloy, Washington, D. C., were on the brief, for appellants.

Robert E. L. Eaton, Jr., Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry and Nathan Dodell, Asst. U. S. Attys., were on the brief, for appellees.

Before TUTTLE *, Senior Circuit Judge, and WRIGHT and MacKINNON, Circuit Judges.

PER CURIAM:

This case involves a constitutional challenge to 5 U.S.C. § 7501 (1970) which prescribes the procedure by which members of the competitive civil service may be removed from their positions or suspended without pay. The statute provides in pertinent part:

(a) An individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service.

(b) An individual in the competitive service whose removal or suspension without pay is sought is entitled to reasons in writing and to—

(1) notice of the action sought and of any charges preferred against him;

(2) a copy of the charges;

(3) a reasonable time for filing a written answer to the charges, with affidavits; and

(4) a written decision on the answer at the earliest practicable date.

Examination of witnesses, trial, or hearing is not required but may be provided in the discretion of the individual directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for and the order of removal or suspension without pay, and also the reasons for reduction in grade or pay, shall be made a part of the records of the employing agency, and, on request, shall be furnished to the individual affected and to the Civil Service Commission.

The gist of appellants' complaint is that the statute facially conflicts with the due process clause of the Fifth Amendment by permitting Government agencies to refuse employees subject to discipline a hearing where they may confront and cross-examine witnesses against them and present witnesses on their own behalf. Appellants also challenge, for the same reason, the validity of Civil Service Commission regulations relating to suspension of employees for less than 30 days. 5 C.F.R. § 752.-301–304 (1972). Finally, appellants challenge the validity of Bureau of Customs disciplinary procedures in this case on the same ground.

Two Customs inspectors stationed in New York, appellants Patrick J. Brennan and Joseph N. Coyne, were questioned in April 1966 by Customs agents regarding their alleged acceptance of gratuities from crewmen aboard the S.S. UNITED STATES. In June 1967 Brennan was notified that a proposal was pending to suspend him without pay for five working days and Coyne was noti-

---

* Of the Fifth Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

fied of a proposed suspension for eight days. Each was given an opportunity to respond in writing to the written charges against him and each was given an opportunity to make an oral reply through counsel to the charges. In March 1968 the Regional Commissioner of Customs handed down his decision: three days' suspension for each man. An appeal to the Commissioner of Customs was taken and the suspensions were affirmed. Neither Brennan nor Coyne availed himself of the opportunity to appeal the Customs Bureau decision to the three-tier appellate process of the Civil Service Commission. *See* 5 C.F.R. § 752.304 (1972). After serving their suspensions, both men returned to active duty.

In January 1970 the disciplined inspectors were notified of the creation of a new position which would give them, if they were eligible for the position, enhanced civil service status and higher salary. Each applied, but was informed he was ineligible because of the presence of disciplinary action on his record during the preceding two years. Joined by the American Federation of Government Employees, which represents civilian employees of the federal government obviously affected by the disciplinary procedures at issue, they filed suit in the District Court here, seeking a declaration that the statute and regulations described above are unconstitutional, an injunction against their future enforcement, and, with respect to Brennan and Coyne, expungement of the earlier suspensions from their records and an order requiring that their applications for promotion be immediately processed.

Initially, the District Court denied appellants' motion for a three-judge court on the ground that the constitutional question presented was insubstantial. This court then denied a writ of mandamus to overturn the District Court's ruling. Although it indicated that appellants' constitutional claim was neither necessarily frivolous nor foreclosed by previous decisions, this court held that appellants were seeking essentially equitable rather than injunctive relief and that a three-judge court was not warranted.[1] Back in the District Court, the Government's motion to dismiss was granted on the ground that appellants had failed to exhaust their administrative remedies by failing to appeal the adverse decision of the Bureau of Customs to the Civil Service Commission as the regulations permitted. *See* 5 C.F.R. § 752.304. We reverse.

1. This court said:
"* * * [P]etitioners are not now entitled to a three-judge district court because their present complaint does not 'formally [allege] a basis for equitable relief' against the operation of the federal statute. Idlewild Bon Voyage Liquor Corp. v. Epstein [370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962)]. In the district court, petitioners seek declaratory and injunctive relief against the statute in question, but their complaint fails to allege that either they or any members of a class they purport to represent are now threatened by proceedings under the statute. Petitioners also request the district court to remedy the effects of past disciplinary actions under the statute against the two petitioner-employees by requiring the responsible officials to expunge notations of the actions from their employment records, and to process immediately their applications for promotion, previously denied because of the disciplinary actions. However, this ancillary equitable relief would not constitute an 'injunction restraining the enforcement, operation or execution of [an] Act of Congress' within the meaning of 28 U.S.C. § 2282 (1964). *See* Kennedy v. Mendoza-Martinez, 372 U.S. 144, 153-155 [, 83 S.Ct. 554, 9 L.Ed.2d 644] (1963). Until and unless petitioners make allegations that would justify injunctive relief against the operation of a federal statute, they may not invoke the three-judge procedure, and their remaining claim for a declaratory judgment is properly considered by a single district judge. *Cf.* Mitchell v. Donovan, 398 U.S. 427 [, 90 S.Ct. 1763, 26 L.Ed. 2d 378] (1970)."
American Federation of Government Employees et al. v. Gesell, D.C.Cir., No. 24,-815 (April 22, 1971) (unreported).

Ordinarily, the exhaustion doctrine requires parties not merely to initiate administrative proceedings which may grant them relief and thus forestall the need for judicial intervention, but also to pursue such proceedings to their conclusion. *See* Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). But there are cases where the customary rationales for the exhaustion of administrative remedies doctrine—avoidance of unnecessary judicial intervention and the need for full, unhampered exercise of agency expertise on a well developed factual record of its own making, *see, e. g.,* McKart v. United States, 395 U.S. 185, 193–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)—do not apply and the doctrine's application thus becomes pointless. In some cases the doctrine is no more than "an exercise in futility," *see* Lodge 1858, American Federation of Government Employees v. Paine, 141 U.S.App.D.C. 152, 166, 436 F.2d 882, 896 (1970), particularly where it is clear beyond doubt that the relevant administrative agency will not grant the relief in question. *See* Montana National Bank of Billings v. Yellowstone County, 276 U.S. 499, 505, 48 S.Ct 331, 72 L.Ed. 673 (1928). In such cases, nothing is lost by circumventing an open, but assuredly ineffectual, avenue of administrative appeal and moving to the courts. We believe this is such a case.[2]

Here there was no chance that appellate review by the Civil Service Commission would have reversed the Bureau of Customs order on the merits, thus obviating the need for a court to grant Coyne and Brennan the expungement remedy they now seek. The applicable provision of the Civil Service Commission's regulations makes it clear that the scope of review is exceedingly limited: in cases involving suspensions of less than 30 days where there is no allega-

tion of certain kinds of illicit discrimination not relevant here, the Commission will only review "the procedures used in a suspension under this subpart." 5 C.F.R. § 752.304(b).

Of course, even this circumscribed review might have given the Customs inspectors the relief they sought were it plausible to assume that the Commission would have disapproved the failure of the Bureau of Customs to grant Coyne and Brennan rights of cross-examination and confrontation and remanded the case for new proceedings. But we believe this outcome was exceedingly unlikely, since the procedures specified in the Civil Service Commission regulations applicable to the Bureau of Customs and followed in this case require only written notice detailing the reasons and facts supporting a proposed adverse action, an opportunity to reply in writing and to file affidavits, and notice of the agency's decision in writing, supported by reasons. 5 C.F.R. § 752.302.

In our judgment, it would be blinking reality to expect the Commission, in an adjudicatory proceeding, to hold an agency subject to its regulations to a higher standard of procedural protection than its own rules require. Nor do we think it likely that the Commission would act in advance of a court in overturning rules promulgated by itself and consistent with the applicable governing statute. Our conclusion that appeal to the Civil Service Commission would have been futile is based on more than extremely strong inference. We may take judicial notice of the fact that while this appeal was pending the director of the Civil Service Commission's Bureau of Policies and Standards, in a letter to the president of the American Federation of Government Employees, stated that the Commission would not require an agency to provide a hearing where, as here, the regulations do not require one. *See* Exhibit C, Joint Appendix at 113.

2. *Compare* Hadnott v. Laird, 149 U.S.App. D.C. 358, 361, 362, 463 F.2d 304, 307–308 (1972), where a panel of this court invoked the doctrine in a case where the claimants had not even initiated administrative proceedings and where there was reason to believe the agency might have acted affirmatively on their claim.

Since we believe the District Court erred in dismissing this action for failure to exhaust administrative remedies, we remand the case for a hearing on the merits of appellants' constitutional claim.

So ordered.

MacKINNON, Circuit Judge (dissenting):

I dissent because the foregoing opinion misapplies the law. Appellants admittedly failed to exhaust their administrative remedies and they have no valid ground for this refusal. They contend that if they had appealed the Commission would not have reviewed their suspensions on the merits. This conclusion is completely speculative. Every case stands on its own footing and the results of an appeal cannot be determined in advance. Hadnott v. Laird, 149 U.S.App. D.C. 358, 361, 463 F.2d 304, 307 (1972). Also, the constitutional requirement for a hearing could have been raised and argued on such appeals. As the Supreme Court held in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 772, 67 S.Ct. 1493, 1503, 91 L.Ed. 1796 (1947):

> [T]he very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of the Tax Court's [administrative agency's] final performance of its function.

The Commission could have decided entirely in appellants' favor.

Cafeteria Workers v. McElroy, 367 U. S. 886, 894–895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961) also makes it clear that the suspension for three days after being given notice, an opportunity to respond in writing and to be represented by counsel is not necessarily a denial of "due process." The suspensions were not summary in nature.

What appears here is that appellants were satisfied with the action taken in 1968 but they became dissatisfied in 1970 when the disciplinary action was given as one reason for not considering them for promotions. They say they did not envision that their discipline would have such result. I find it incredible to believe that any Government employee (particularly in the Customs Service where honesty is a prime requisite) would not recognize that discipline for acceptance of illegal gratuities from members of the crew of a large passenger liner would be held against them. If it were not subject to such use, the Customs Service would rapidly deteriorate.

I also dissent because appellants are guilty of laches and will require the Government to litigate their culpability on stale evidence. By allowing this case to proceed in the District Court the opinion of the majority has deprived the administrative agency of its lawful jurisdiction to decide the issue. The District Court has no jurisdiction in these cases in their present posture; that lies exclusively with the Customs Service.