879 P.2d 845 (1994)
OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC.; Raymond W. Mader d/b/a Mader Trucking; Shaan Julian; Robert, McGee; Leslie and Frances Easterday d/b/a H & W Carriers; Ray White d/b/a R & M Trucking; Thomas V. Guglielme; Leo J. Wallace and Jo Ann Wallace d/b/a T & J Transportation; Richard Reinert d/b/a Richard Reinert Trucking on behalf of Themselves and as Class Representatives of All Other Interstate Motor Carriers similarly situated, Appellants,
v.
Robert ANTHONY, J.C. Watts and Cody L. Graves, Commissioners of the Oklahoma Corporation Commission; State of Oklahoma; Governor David Walters; State Treasurer, Claudette Henry; Department of Public Safety Commissioner Dave McBride; and, Attorney General Susan B. Loving, Appellees.
No. 80705.
Court of Appeals of Oklahoma, Division No. 1.
July 5, 1994.
John N. Hermes, Joseph Walters, Oklahoma City, and Patrick J. Coyne, K. Michael O'Connell, Daniel J. Harrold, Washington, DC, for appellants.
Michael J. Hunter, Leslie Wilson Pepper, Lu Willis, Oklahoma City, for appellees, Robert Anthony, J.C. Watts & Cody Graves, Com'r of the Oklahoma Corp. Com'n.
Rabbindranath Ramana, Asst. Atty. Gen., Oklahoma City, for appellees, State of Okl., Governor David Walters, Claudette Henry, State Treasurer, Dept. of Public Safety Com'r Dave McBride and Atty. Gen. Susan B. Loving.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

*846 OPINION

JONES, Presiding Judge:
Appellants brought this action challenging the constitutionality of 47 O.S. 1991, § 165, and Oklahoma Corporation Commission Rules and Regulations governing motor carriers, Sections 165:30-311(a) and 165:30-9-2 (1992), insofar as they require a $15.00 filing fee by interstate motor carriers for proof of liability insurance. The trial court granted Defendants'/Appellees' motions to dismiss for failure to state a claim and from that order this appeal is brought.
Appellants contend the proof of insurance filing fee violates the supremacy, commerce, due process and equal protection clauses of the United States Constitution, and that Appellees are liable to them pursuant to 42 U.S.C. § 1983. Appellants sought a permanent injunction prohibiting assessment of the fee, declaratory judgment that the fee is unconstitutional, and a refund for all fees collected from them for the entire period of collection. They also sought certification as a class action.
*847 Appellees moved to dismiss for failure to state a claim under 12 O.S. § 2012(B) on the basis that only two of the Appellants followed the procedure set forth in 62 O.S. § 206 for challenging an allegedly unconstitutional fee or tax; that the district court did not have subject matter jurisdiction to review the fee; and that neither the State of Oklahoma, nor the individual state officials acting in their official capacities, are "persons" for purposes of liability under 42 U.S.C. § 1983. The motions to dismiss did not challenge Appellees' contentions that the subject fee was unconstitutional.
It should also be noted that by Corporation Commission Order of March 31, 1992, the proof of insurance filing fee was eliminated. On April 15, 1992, Appellants sent a demand to the Corporation Commission for a refund of all proof of insurance filing fees paid since 1982. Also submitted by Appellants at that time were two $15.00 checks for payment of the fee by Appellants, Richard Reinert and Terry L. and Jo Ann Wallace. The demand letter stated that the checks were submitted under protest pursuant to 62 O.S. § 206(A). None of the other Appellants made their payments of this fee under protest. This action was filed on May 1, 1992, challenging the filing fee the State was no longer going to impose.

SUBJECT MATTER JURISDICTION
One basis for Appellees' dismissal motion was that the district court lacked subject matter jurisdiction to review the subject fee. In support, Appellees cite Article 9, Section 20 of the Oklahoma Constitution wherein it provides that only the Supreme Court has jurisdiction to review any action of the Corporation Commission with respect to its rates, charges, rules, etc. The Supreme Court has original jurisdiction to review Corporation Commission actions. But an action of the Corporation Commission is not under review, rather a Corporation Commission rule which imposes an allegedly unconstitutional fee. The Supreme Court does not have original jurisdiction in this matter.
The three Corporation Commissioner Appellees argue that the matter should first have been raised before the Corporation Commission. They admit, however, that the Corporation Commission cannot rule on the constitutionality of a statute. Further, the Corporation Commission could not have granted all the relief sought. Although it may have been permissible to challenge in the Corporation Commission its rule establishing the fee, we do not agree that this must have been brought as a Corporation Commission proceeding.
The protest procedure statute, 62 O.S. § 206, specifically provides at paragraph B:
"Such suits shall be brought in state courts having jurisdiction thereof and shall be given precedence therein."
The district court is a court of original jurisdiction and only it (absent the Supreme Court exercising original jurisdiction) has the right to afford all the relief sought including declaratory relief and possible refunds. Insofar as the decision of the trial was based on a lack of subject matter jurisdiction it is reversed.

THE STATE AND STATE OFFICIALS AS PARTY DEFENDANTS UNDER 42 U.S.C. § 1983

Section 1983 imposes liability on "every person" who, acting under color of law, deprives another of his constitutional rights. Appellants seek to hold the various Appellees liable under § 1983 for declaratory and injunctive relief and for recovery of the alleged unconstitutionally collected fees.
All briefs cite as authoritative the case of Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Will holds that as a general rule neither the State nor state officials acting in their official capacities are "persons" under § 1983. 491 U.S. at 70, 109 S.Ct. at 2312. A footnoted exception exists where "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because `official-capacity actions for prospective relief are not treated as actions against the State'." Will, n. 10, 491 U.S. at 70, 109 S.Ct. at 2312. This exception also applies for declaratory relief. Kentucky v. Graham, 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985).
*848 Dismissal was properly granted as to the State of Oklahoma. Likewise, dismissal was proper as to the remaining Defendants/Appellees to the extent Appellants' § 1983 claims sought anything other than declaratory relief. Injunction relief would otherwise be proper but for the fact that the challenged fee was abolished prior to the filing of Appellants' suit. The right to injunctive relief was, and is now, moot.

APPLICABILITY OF 42 O.S. § 206
In pertinent part, 62 O.S. § 206(A) provides:
"In all cases where it is alleged or claimed that fees or taxes of the state are in whole or in part unconstitutional or otherwise invalid, the aggrieved person shall pay the full amount thereof to the proper collecting officer and at the same time give notice in writing to said officer stating the grounds of his complaint and that suit will be brought against him for the recovery of all or a specified part of said fees or taxes. Full payment of all fees or taxes owing shall be a precondition to the bringing of any suit for the recovery of such fees or taxes."
In analyzing the applicability of the statutory requirement that the fee be paid under protest before its constitutionality may be challenged, both Appellants and Appellees rely to some extent on McKesson v. Div. of Alcoholic Beverages & Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). Appellees argue that McKesson establishes that a taxpayer is not entitled to recover allegedly unconstitutional taxes or fees if he ignores the protest procedures in place in the statute.
Appellants contend the proof of insurance filing fee is void ab initio and that McKesson requires the State to refund all unconstitutionally exacted fees even where the subject taxpayer has not followed state procedures regarding tax protests. They contend the State has no flexibility in providing a remedy as it would, for example, if the fee was unconstitutional only insofar as it discriminated against interstate commerce. McKesson, supra does state 496 U.S. at p. 37, 110 S.Ct. at p. 2251 that if the tax was beyond its power to impose, (as distinguished from simply discriminatory) the state would have no power but to refund the tax paid under duress. The reason for the distinction in McKesson between lack of power to impose a tax and discriminatory invalidity of a tax, is found in a citation to Montana National Bank of Billings v. Yellowstone County 276 U.S. 499, 48 S.Ct. 331, 72 L.Ed. 673 (1928). There it is noted that equal taxation disparity can be remedied by collecting back taxes. In the case of an invalid tax such an alternative does not exist. This distinction is not properly understood to lead to the conclusion that there can be no limitation on the period of time that can elapse before a refund is asked for or that the state may not require post deprivation relief after payment under protest.
McKesson, supra, distinctly allows the state to shape the contours of relief to be provided to illegally or erroneously deprived taxpayers so that the state's interest in sound fiscal planning is preserved. McKesson states, 496 U.S. at page 49, 110 S.Ct. at page 2257:
... And in the future, States may avail themselves of a variety of procedural protections against any disruptive effects of a tax scheme's invalidation, such as providing by statute that refunds will be available to only those taxpayers paying under protest, or enforcing relatively short statutes of limitation applicable to refund actions. See supra [496 U.S. at 43, 110 S.Ct.] at 2254. Such procedural measures would sufficiently protect States' fiscal security when weighed against their obligation to provide meaningful relief for their unconstitutional taxation.
Under the last cited authority the state is free to provide for refunds only to taxpayers paying under protest. The Appellants have referred this Court to no Oklahoma authority which makes the distinction he is advocating between taxation schemes which are invalid and those which are void ab initio insofar as refund status is concerned, and the argument made here as to this dichotomy does not appear well taken. Both parties agree only two individuals have paid the tax under protest *849 and are currently able to proceed with this action as provided by 62 O.S. 1991 § 206.
In this case there has been no determination that the proof of the filing fee was unconstitutional either prior to the Corporation Commission rule being abolished, or by the trial court below.
This case must be remanded for the declaratory relief to which Appellants are entitled. If the fee is determined to be unconstitutional as Appellants contend, McKesson instructs that taxes paid previously under protest will have to be refunded. Obviously, if the fee is determined to be constitutional, Appellants are entitled to nothing.

STANDARD OF REVIEW AND SUMMARY OF HOLDING
In assessing the sufficiency of the petition, the general rule is that a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of the claim which would entitle them to relief. Niemeyer v. U.S.F. & G. Co., 789 P.2d 1318 (Okla. 1990). Mindful of our standard of review we summarize our holding as follows: The district court has subject matter jurisdiction; the State of Oklahoma is immune and thus not a proper party hereto; the individual Appellees acting in their official capacities are proper parties for the purposes of the claim for declaratory relief; the claim for refunds under § 1983 was properly dismissed; the claim for injunctive relief being moot was properly dismissed; and dismissal of the claim for declaratory relief is reversed and remanded with any additional right to refunds dependent on the outcome of the proceedings below in conformity with this opinion.
To the extent the decision of the trial court is consistent herewith it is affirmed. To the extent it is inconsistent, it is reversed and remanded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
HANSEN and ADAMS, JJ., concur.